[No. 6,395.—Department One.]

## W. F. MARCH v. H. W. McKOY ET AL.

AGREEMENT TO SELL—LEASE—FIXTURES—MECHANICS' LIEN.—One W. being in possession of an engine and boiler under a lease from the plaintiff, by the terms of which the plaintiff, at the expiration of the term and on full payment of the rent, was to execute to him a bill of sale of the property, permanently attached the same to land leased by him from another, and executed a bill of sale of the engine and boiler to one C., and afterward the boiler and engine, without any land, were sold under a decree of foreclosure of an alleged mechanics' lien for repairs on the same, and on a saw-mill adjoining, to one P. In an action against the agents of C. to recover possession of the engine and boiler as personal property: *Held*, first, that the plaintiff was the owner of the property, and that his right could not be affected by a sale under the foreclosure suit to which he was not a party, even if it should be assumed that a mechanics' lien could be enforced upon personal property; and second, that whatever might be the law applicable to the facts, in case W. had attached the machinery to his own land, and then sold the land, with the machinery attached, to an innocent party, it was plain that as between the plaintiff and W., and as between the plaintiff and any purchaser from W., of the personal property simply, with or without notice of the rights of plaintiff as the real owner, the engine and boiler were to be treated as personal property, and were recoverable in this action.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twentieth District Court, County of Santa Cruz. BELDEN, J.

*J. A. Barham*, and *A. E. Bolton*, for Appellants.

The property in controversy is real property (Civ. Code, § 660; *McKierman* v. *Hesse*, 51 Cal. 594), and cannot be recovered in this form of action. (*Fryatt* v. *Sullivan Co.* 5 Hill, 116; *Roberts* v. *Dalton Deposit Bank*, 19 Pa. St. 71.) The plaintiff voluntarily placed his property in the possession of Wood, and the latter converted it into realty. Plaintiff must pursue his remedy against Wood. The title to the property in controversy either passed to Chase under the sale made by Wood, or to Porter under the foreclosure sale. In either event the plaintiff must fail. Defendants may show title in a third party, and defeat the plaintiff's recovery. (*Lamotte* v. *Wisner*, 51 Md. 543; *Edelen* v. *Thompson*, 2 Har. & G. 31; *McKinzie* v. *Baltimore & Ohio R. R. Co.* 20 Md. 161.)

*Z. N. Goldsby*, for Respondent.

The property in controversy was personal property, and was leased by plaintiff to Wood upon an agreement to sell the same to him upon full payment as stipulated in the contract, the title did not pass to Wood. (*Higler* v. *Eddy*, 53 Cal. 597 ; *Cardinell* v. *Bennett*, 52 id. 476 ; *Kohler* v. *Hayes*, 41 id. 455.)   The plaintiff was not a party to the foreclosure suit, and is not bound thereby. (*Clink* v. *Thurston*, 47 Cal. 21 ; *Biddle Boggs* v. *Merced Mining Co.* 14 id. 279 ; *Middlesworth* v. *Prettyman*, 17 id. 401 ; *Franklin* v. *Merida*, 35 id. 558 ; *Farish* v. *Coon*, 40 id. 33 ; *Stoops* v. *Woods*, 45 id. 439.)

McKINSTRY, J. :

The action was brought to recover the possession of " one thresher-engine, with boiler and fixtures thereto belonging," etc., or its value.

The District Court gave judgment in favor of plaintiff for the recovery of the property, or the alternative value, and damages for its detention, etc.   A new trial was denied, and from the judgment and order denying a new trial defendants have appealed.

June 19th, 1876, plaintiff being the owner of the engine and boiler—the whole mounted upon wheels—executed to one Woods a written " lease," by the terms of which Woods was to have the use of the property for a period of six months, Woods to pay $100 per month rent ; and if, at the end of the six months, all the payments, amounting to $600, should be made, plaintiff was to execute to Woods a bill of sale of the property.   Under this agreement Woods took possession of the engine and boiler, and placed them near his saw-mill, and on the " Adams Tract " of land, then under lease by him.   In using the engine it was taken off from the wheels, and the axles were firmly bolted to large timbers, and these were bedded in the soil.   The boiler and engine were all part of the same machinery, and had been supported on the same set of wheels.   When the boiler was in place, it was partly supported by masonry built up from the soil.   From the engine, belts connected with the machinery in the mill, a distance of about 100 feet, and the engine was used to drive this machinery.

Woods paid two months' rent, and no more. While the property was in possession of Woods, as aforesaid, he caused repairs to the amount of $30 to be made upon the engine and boiler, and at the same time other repairs to be made upon his saw-mill by the same machinists. The latter—Gregg and Philes—were not paid, and filed a mechanics' lien upon the whole of the property for all their claim. Thereafter an action was commenced by the mechanics to foreclose said lien. March, the plaintiff, was not made a party to said action, nor did he appear therein. Judgment was rendered foreclosing said lien, and under this judgment the whole of said property on which said lien had been taken was sold by the Sheriff of Santa Cruz county upon the 16th day of March, 1877, to B. F. Porter.

The following is a description of the property decreed to be sold: "The planing-mill connected with or contiguous to what is known as the McKoy & Hubbard saw-mill, situated and lying on or near the road leading from Felton, in the county of Santa Cruz, State of California, to Lorenzo, in said county and State; said mill also lying and being on or near what is known as the San Lorenzo Flume; also being and lying in the county of Santa Cruz and State of California."

There was no decree for the sale, nor was there any sale, of "the land on which the building, improvement or structure" repaired was constructed, or of any land required for the convenient use thereof.

Woods was not the owner of the property in controversy when the repairs upon it were made. Assuming that the provisions of the Code which treat of the liens of mechanics give a lien upon *personal property* for repairs by mechanics who do not take possession of such property—a point which we do not decide—it would seem very clear that such liens cannot be enforced so as to deprive of his right the person having the general property in the chattels, without making him a party to the foreclosure suit. Plaintiff was the owner. Even if the special property of Woods acquired under his contract with plaintiff was subject to sale under the decree in the suit brought by Gregg and Philes to foreclose their alleged lien, and could have been sold during the term of the lease, the purchaser could only have acquired such interest as Woods had; to wit,

the right to use for the balance of the six months' term, with the privilege of taking the property if the six months' rent was paid in full.    As we have seen, Woods paid but two months' rent.    It does not appear that Porter paid any—indeed he acquired no right to pay any rent—since the term of the lease had long expired when he purchased.

It follows that plaintiff was not deprived of the right to the immediate possession of the property sold, by reason of the alleged foreclosure of a mechanics' lien and sale to Porter.

Subsequent to the repairs done upon the machinery, Woods, in consideration of a past indebtedness, executed to H. C. Chace a bill of sale of the engine and boiler.    The Court finds, however, that when Chace purchased he knew that Woods was owing plaintiff upon the engine, etc., and was informed that plaintiff claimed a lien of some kind thereon for this debt. "Chace made no further inquiry to ascertain the character or situation of the transaction between March and Woods."

We cannot say that this finding was not sustained by the evidence.    Chace did not buy, nor did Woods purport to sell, any interest in the real estate.

Whatever might be the law applicable to the facts, in case Woods had attached the machinery to his own land, and then sold the land and machinery attached to an innocent party, it is plain that as between plaintiff and Woods, and as between plaintiff and any purchaser of the *personal property simply* from Woods, (with or without notice of the rights of plaintiff as the real owner) the engine and boiler were to be treated as personal property, and were recoverable in this action.

Judgment and order affirmed.

McKEE, J., and Ross, J., concurred.