[No. 11992. In Bank. — February 29, 1888.]

JACK CHUCH, RESPONDENT, v. GEORGE W. GARRISON ET AL. HAWLEY BROTHERS HARDWARE COMPANY, INTERVENOR AND APPELLANT.

LIEN ON THRASHING MACHINE — OWNERSHIP OF MACHINE. — Under the act of March 12, 1885, a person performing work on or about a thrashing machine, while engaged in thrashing, is entitled to a lien thereon to the extent of the value of his services, notwithstanding the person for whom the work was done was not the owner of the machine.

APPEAL from a judgment of the Superior Court of Fresno County

The facts are stated in the opinion of the court.

*Stuart S. Wright,* and *Olney, Chickering & Thomas,* for Appellant.

The act of March 12, 1885, should not be so construed as to give a person performing labor upon a thrashing machine, at the request of a person not the owner, a lien thereon as against the owner. Such a construction would render the act unconstitutional. (*Hollingsworth* v. *Dow,* 19 Pick. 228; Phillips on Mechanics' Liens, sec. 496; *Quillian* v. *Central R. R.,* 52 Ga. 374; *Landry* v. *Blachard,* 16 La. Ann. 173; *Hayes* v. *Fessenden,* 106 Mass. 228; *Wilson* v. *Barnard,* 67 Cal. 422; Overton on Liens, secs. 533, 536, 538; Kneeland on Mechanics' Liens, 17, 57, 58.)

*W. B. Cullom,* and *Brown & Daggett,* for Respondent.

The legislature has the power to enact a statute giving a laborer a lien upon a thrashing outfit upon which he has performed labor, to the extent of the value of such labor, in case where one who is in the lawful possession of such thrashing outfit is not the general owner, but is allowed to use it for the purpose for which it was intended, and in doing so contracts for such labor. (Const., sec. 15, art. 20.)

SHARPSTEIN, J.—The plaintiff alleges that the defendants, Garrison and Falla, are indebted to him in the sum of $138.25 for work and labor performed for them, at their request, on their certain thrashing machine, while engaged in thrashing grain in Fresno County, between June 1 and August 14, 1886. Then follows a description of the machine, its appurtenances and value. He alleges that he quit work on said fourteenth day of August, and that ten days have not expired since he ceased so working. He alleges that he has a lien on the machine and its appurtenances for the amount due him for said work, that there is danger of said machine and appurtenances being removed from said county, and prays for a judgment against the said defendant for said sum of $138.25 so due for said work and labor; that E. H. Tucker of Fresno County be appointed by this court to receive and safely keep the said thrashing machine and all of the said appurtenances, and everything thereto appertaining, whether the same has been properly described herein or not, and that the same and every part thereof be sold according to law, and the proceeds thereof be applied to the payment of plaintiff's judgment, and all costs of suit.

The summons was served on Garrison, one of the defendants, but the record does not show that it was served on Falla, or that either of the defendants ever appeared in the action. The default of defendant Garrison was

entered on the fifth day of October, 1886. On the eleventh day of October, 1886, Hawley Brothers Hardware Company (a corporation), by leave of the court, filed a complaint in intervention, in which, among other things, it is alleged that at the time of the commencement of the action the intervenor was, and for more than six months prior thereto had been, the owner of the property mentioned in the plaintiff's complaint; that the defendants were not agents or employees of intervenor, nor had they or either of them any power or authority to bind intervenor by any contract or to create any lien upon said property; that plaintiff performed no work or labor for intervenor "in, with, about, or upon" said property.

To the complaint in intervention the plaintiff interposed a general demurrer, which was sustained by the court, and as the intervenor declined to amend, judgment was awarded the plaintiff for the relief prayed in his complaint. From that judgment intervenor appeals. Appellant's counsel say "that the order sustaining the demurrer must have been made upon the ground that the title to the property could not have been involved in the action. That is to say, the mere fact that work and labor had been performed 'in, with, about, or upon' the property gave to the persons who had performed such work or labor a lien upon the property, and all of it, no matter who was the owner of the whole, or of any part thereof."

We think the demurrer could have been sustained only on the ground that the actual ownership of the property was an immaterial circumstance. The action is brought under the provisions of the act entitled " An act to secure the wages of persons employed as laborers on thrashing machines," approved March 12, 1885. (Stats. 1885, p. 109.) It is very short, and we insert it in full.

"SEC. 1.  Every person performing work or labor of

any kind in, with, about, or upon any thrashing machine, the engine, horse-power, wagons, or appurtenances thereof, while engaged in thrashing, shall have a lien upon the same to the extent of the value of his services.

"SEC. 2.   The lien herein given shall extend for ten days after the person has ceased such work or labor.

"SEC. 3.   If judgment shall be recovered in any action to recover for said services for work or labor performed, and said property shall be sold, the proceeds of such sale shall be distributed *pro rata* to all judgment creditors who have, within ten days, begun suits to recover judgments for the amount due them for such work.

"SEC. 4.   The lien shall expire unless a suit to recover the amount of the claim is brought within ten days after the party ceases work."

The language of the act is sufficiently comprehensive to include a case like this.   We could not exclude such a case from its operation without a material modification of its provisions.

This case is clearly within the letter of the law, and we see no reason to doubt that it is just as clearly within the spirit of it.   The statute gives the lien, and a court of equity undoubtedly has jurisdiction of an action to foreclose it.

We think the court properly sustained the demurrer to the complaint of intervention, and that the judgment should be affirmed.

Judgment affirmed.

SEARLS, C. J., TEMPLE, J., and PATERSON, J., concurred.

McFARLAND, J., dissented.

Rehearing denied.