[Sac. No. 207.   Department One.—March 16, 1897.]

## J. W. LAMBERT, RESPONDENT, v. FRANK E. DAVIS ET AL., APPELLANTS.

LIEN OF LABORER ON THRESHING-MACHINE — OPERATION BY POSSESSOR UNDER CONTRACT WITH OWNER.—Under the "Act to secure the wages of persons employed as laborers on threshing-machines," approved March 12, 1885, a laborer performing labor in and about the operation of a threshing-machine and outfit, at the employment of one not the actual owner of the machine, but lawfully in the possession and operation of it under contract with the owner, is entitled to the lien upon the property for his services.

ID.—ACTUAL OWNERSHIP IMMATERIAL—POSSESSOR DEEMED OWNER—CONSTITUTIONAL LAW — DUE PROCESS OF LAW.—As respects the enforcement of the lien upon the threshing-machine, the actual ownership of the property is an immaterial circumstance, and the one lawfully holding from the actual owner the possession and right to operate the machine is to be deemed, for the purposes of the statute, the owner of the property; nor is the giving to one not employed by the actual owner the benefit of the lien, in such case, subject to the constitutional objec-

tion that it authorizes a deprivation of the property of the owner with-
out due process of law.

ID.—CASE AFFIRMED.—The decision in the case of *Church* v. *Garrison,* 75
Cal. 199, affirmed.

APPEAL from a judgment of the Superior Court of
Fresno County.   E. W. RISLEY, Judge.

The facts are stated in the opinion of the court.

*Frank H. Short,* for Appellants.

The act in question is unconstitutional, as it deprives
the owner of his property without due process of law.
(*Lowe* v. *Woods,* 100 Cal. 408; 38 Am. St. Rep. 301; *Sar-
gent* v. *Usher,* 55 N. H. 287; 20 Am. Rep. 208; *Landry* v.
*Blanchard,* 16 La. Ann. 173; *Harlan* v. *Rand,* 27 Pa. St.
511; 1 Jones on Liens, secs. 9, 691; *Redington* v. *Fry,* 43
Me. 578.)

*W. D. Crichton,* and *W. D. Foote,* for Respondent.

The act is constitutional.   (*Church* v. *Garrison,* 75
Cal. 200.)

VAN FLEET, J.—An act entitled "An act to secure the
wages of persons employed as laborers on threshing-
machines," approved March 12, 1885 (Stats. 1885, p.
109), provides:

"SECTION 1.   Every person performing work or labor
of any kind, in, with, about, or upon any threshing-
machine, the engine, horse-power, wagons, or appur-
tenances thereof, while engaged in threshing, shall have
a lien upon the same to the extent of the value of his
services."

It also makes provision for the method of enforcing
such lien by sale of the property, etc.

The single question presented by the appeal under
the facts is whether a laborer, performing labor in and
about the operation of a threshing-machine and outfit,
at the employment of one not the actual owner, but law-
fully in the possession and operation of the machine

under contract with the owner, can have and maintain against the property the lien for his services provided by the act.

Appellant's contention is that to so construe the act, and give to one not employed by the actual owner the benefit of the lien, would render it obnoxious to the constitutional objection of authorizing a deprivation of the property of the owner without due process of law. This precise question was presented and decided by the court in Bank in the case of *Church* v. *Garrison,* 75 Cal. 199, where it was held that the statute applied to exactly such a case, and that the lien could be constitutionally maintained;—"that the actual ownership of the property was an immaterial circumstance";—the obvious theory, and, as we deem it, the correct one, being that one lawfully holding from the actual owner the possession and right to operate the machine is to be deemed, for the purposes of the statute, the owner of the property.

Appellant contends that this point was not squarely involved or necessarily decided in *Church* v. *Garrison, supra,* but that if it was that case should be overruled. But, as we read that case, it was the exact and only question in the case, and was necessary to its determination; and we find nothing in the reasoning or authorities presented by appellant which tends to shake our conviction in the correctness of the views there expressed; and upon the authority of that case the judgment herein must be affirmed.

It is so ordered.

Harrison, J., and Beatty, C. J., concurred.