JOHN A. WAKEFIELD ET AL., APPELLEES, V. THEODORE  L. VAN DORN ET AL., IMPLEADED WITH FRED MENGEDOHT, APPELLANT.

FILED DECEMBER 9, 1897.   No. 7658.

1. **Mechanics' Liens**: FORECLOSURE: PARTIES.  Where two contractors furnish labor and material towards the erection of an improvement on real estate in pursuance of separate contracts with the owner therefor, and one of said contractors files his claim for a lien under the statute, and then brings suit to have established and foreclosed such lien, the other contractor is a proper and necessary party to such suit, although at the time the action was brought he had not filed his claim for a lien.

2. ——: ——: ——: DECREE.  And the decree rendered in such case is, as to the contractor not made a party, a nullity; and, after completing his contract and complying with the statute, he. may bring suit to have established and foreclosed a lien against the real estate upon which the improvement was erected.

3. ——: ——: ——: ESTOPPEL. 'And in case he does so, the fact that the first suit was pending, to his knowledge, at the time he filed his claim for a lien under the statute does not estop him from maintaining the action.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J.   *Affirmed.*

*Joel W. West,* for appellant.

*Gregory, Day & Day,* and *Montgomery & Hall,* contra.

RAGAN, C.

This is an appeal by Fred Mengedoht from a decree of the district court of Douglas county awarding John A. Wakefield a contractor's lien upon certain real estate for labor and material furnished by him for the erection of an improvement thereon in pursuance of a contract therefor with one Theodore Van Dorn, the then owner of said real estate.  Mengedoht now owns the said real estate.  While Van Dorn was the owner of said real estate he undertook the erection of extensive

buildings thereon, and in the execution of such project he made a contract with one Specht to furnish certain labor and material towards the construction of said improvement. Van Dorn also made a contract with Wakefield to furnish the labor and material for the erection of another part of said improvement. Within four months of the date of furnishing the last item of labor or material by Specht he took the steps required by statute to obtain a contractor's lien against the real estate, and subsequently brought suit to have established and foreclosed his lien. Wakefield was not made a party to this action, although his contract with Van Dorn antedated the bringing of the Specht suit; and he began furnishing labor and material towards the construction of the improvement before the Specht suit was brought, and completed his contract, and filed in the office of the register of deeds an itemized account of the labor and material which he had furnished toward the improvement in pursuance of his contract with Van Dorn, and claimed a lien upon the premises while the Specht suit was pending. The Specht suit proceeded to decree in his favor. The real estate of Van Dorn was appraised, advertised, and sold, Mengedoht becoming the purchaser. Some time after this sale was confirmed Wakefield brought the present action to have established and foreclosed a lien against the premises for the labor and material which he had furnished Van Dorn toward the erection of the improvement on said real estate. As a defense to this action Mengedoht interposed the bringing of the Specht suit; that at that time Wakefield had not filed any claim for a lien upon the premises in the office of the register of deeds; that when he did file his claim for a lien the Specht suit was pending, was notice to him, and that he was bound by the decree in that action and estopped from now asserting a lien upon the premises involved in that decree. This is the argument relied upon here by Mengedoht for a reversal of the decree appealed from. We think the contention is unten-

able. Since Wakefield, in pursuance of a contract with the owner, began the furnishing the labor and material towards the erection of this improvement prior to the date of the bringing of the Specht suit, his lien, when finally perfected, dated back and attached to the real estate on the date when he furnished the first labor or material. (*Henry & Coatsworth Co. v. Fisherdick*, 37 Neb., 207.) Wakefield, then, was a proper and necessary party to the suit brought by Specht to foreclose his mechanic's lien; and as he was not made a party he was not affected or bound by the decree rendered in the Specht case. (*Steigleman v. McBride*, 17 Ill., 300; *Kelly v. Chapman*, 13 Ill., 530; *Whitney v. Higgins*, 10 Cal., 547; *Jones v. Hartsock*, 42 Ia., 147.) But it is said that Specht, at the time he brought his suit, did not know that Wakefield had furnished any labor or material towards the erection of the improvement; and that, as he had filed no claim in the office of the register of deeds for a lien upon the premises, Specht had no means of ascertaining that Wakefield had a claim upon these premises or a right to perfect a lien against them. The answer to this argument is that Specht was bound to know, at the time he brought his suit, of the claims of all the parties for liens against the premises for labor and material furnished in the erection of the improvement, whether such parties had at that time filed claims for their liens or not. If one mortgage be given to secure the payment of two negotiable promissory notes and the mortgagee assign one of these notes to one person and the other note to a second person and the second person brings suit to foreclose the mortgage for the collection of the note held by him, he is bound to know of the existence of the assignee of the first note and make him a party to the suit or the decree will be void as to such assignee. (*Studebaker Bros. Mfg. Co. v. McCargur*, 20 Neb., 500.) We do not think Wakefield was obliged to intervene in the Specht suit, though he may have had actual knowledge of its pendency at the time he filed his claim for a lien,

nor do we know of any principle of law upon which it can be held that his failure to do so estops him from maintaining his present action.

AFFIRMED.