[Sac. No. 993.   Department One.—November 21, 1903.]

E. CLARK, Respondent, v. WILLIAM BROWN et al., Defendants; BEST MANUFACTURING COMPANY, Appellant.

LIEN FOR WAGES—LABORERS ON THRESHING-MACHINE—CONTRACT WITH LESSEE—LIEN FOR VALUE.—Where the defendant who made the contract with laborers upon a threshing-machine was a lessee for the defendant appealing, who owned the machine, an objection that the appellant was not liable to a lien for the contract price, but only for the value of the work, is untenable, where the value of the work is alleged and found, and a lien is only given for the value found by the court.

ID.—CONTRACT FOR SERVICES AND HORSES—SEGREGATION OF SERVICES.— The fact that a laborer made an entire contract with the lessee for personal services and horses at the rate of four dollars per day does not preclude a lien upon the threshing-machine for the value of the personal services rendered, though no lien could be or was allowed for the work done by the horses.

ID.—ASSIGNABILITY OF LIEN.—The lien acquired by a laborer on a threshing-machine under the act of March 12, 1885, (Stats. 1885, p. 109,) is assignable.

ID.—FORECLOSURE OF LIEN—COSTS AGAINST OWNER DEFENDING—AMOUNT OF JUDGMENT.—The foreclosure in the superior court of the liens of laborers upon a threshing-machine is an action in equity, and costs were properly allowed therein against the owner of the machine, who was a necessary party defendant, and who appeared and made affirmative defenses against the claims of the plaintiff, notwithstanding the amount of the judgment rendered was less than three hundred dollars.

ID.—CONCURRENT JURISDICTION.—In actions of this character, where the claim is for less than three hundred dollars, the superior court has concurrent jurisdiction with that of justices of the peace, and the plaintiff is entitled to costs, whether he seeks relief in one jurisdiction or the other.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

J. B. Webster, for Appellant.

Charles De Legh, for Respondent.

SHAW, J.—This is an action to foreclose an alleged lien upon a threshing-machine, brought under the act of March 12, 1885, providing a lien for the wages of persons employed as laborers on threshing-machines. (Stats. 1885, 109.) The complaint contains three counts, the first to recover for labor performed by the plaintiff, the other two upon claims assigned to the plaintiff by others who performed work in connection with the machine. The appeal is taken by the Best Manufacturing Company from the judgment and from an order denying its motion for a new trial.

1. The threshing-machine in question was in the use and possession of William Brown at the time the work was done for which the liens are claimed, and in each case the work was done under a contract by the respective laborers with William Brown, to which contract the defendant Best Manufacturing Company was not a party. The appellant claims to be the owner of the machine, and it appears from the evidence, although it is not expressly alleged either in the complaint or answer, that it is the owner of the machine, and that Brown was operating the same under a lease from the appellant. The first point urged is, that the appellant is not liable for a lien beyond the value of the work, and that the contract price is not conclusive on the question of value. The allegation in the case of the work by the plaintiff Clark is, that it was of the value of $122.77, upon which $41 had been paid, leaving due $81.77; as to the work of assignor Hawes, that the work was of the value of $96.25, of which $49.50 had been paid, leaving a balance of $46.75, and as to the work of McHenry, that it was of the value of $139.20, of which $60 had been paid, leaving $79.20 due. The court finds, upon sufficient evidence, that the work done by the respective parties for which they were entitled to liens was of the value of $108.25, for which sum judgment was given. Conceding, therefore, that the owner under the circumstances is liable only for the value of the work, there is no error, for the judgment is for the value as found by the court.

2. Another point made is, that a part of the claims included in the complaint were for the services of horses belonging to the plaintiff, for which the statute gives no lien. It must be conceded, of course, that no lien existed on the

threshing-machine for the value of work done by horses upon the machine while engaged in threshing. No error in this respect, however, was committed by the court below, for the reason that the value of the work done by the horses was eliminated from the judgment, which included only the amount due for the labor of the men. It appears that the work done by the plaintiff was under an entire contract for the services of himself and his horses, at the rate of four dollars per day. The court, however, found that the services of the plaintiff alone were worth two and one half dollars per day, and gave judgment accordingly. The appellant contends that as the work was done under an entire contract, it cannot be segregated, and that by making his contract include the services of himself and his horses, he waived any right to a lien. The statute, however, provides that every person performing work upon any threshing-machine while engaged in threshing shall have a lien upon the same to the extent of the value of his services. We can see no reason why the fact that a party makes an entire contract for the services of himself and his horses should deprive him of the right to lien for his own services where, as in this case, the amount thereof can be ascertained and distinguished from the amount due for the services of the horses, and we are therefore of the opinion that this point is not well taken. The same point arises with reference to the services of McHenry, one of the assignors of the plaintiff, and what we have said applies with equal force to that part of the case.

3. The lien which a laborer acquires under this statute is assignable, and therefore the plaintiff by the assignment acquired the rights of McHenry and Hawes to the liens which they possessed by reason of their labor upon the machine. This was so decided in *Duncan* v. *Hawn,* 104 Cal. 10.

4. There was no error in giving judgment for costs against the defendant the Best Manufacturing Company. The plaintiff was the owner of the lien upon the property belonging to the defendant, and this is an action to foreclose the lien. It is an action in equity, and under sections 1022 and 1025 of the Code of Civil Procedure costs were properly given against necessary parties to the action, who appeared and made affirmative defenses against the claims of the plaintiff,

notwithstanding the fact that the judgment was for less than three hundred dollars. In actions of this character, where the claim is for less than three hundred dollars, the superior court has concurrent jurisdiction with that of justices of the peace, and the plaintiff is entitled to costs, whether he seeks relief in one jurisdiction or the other.

The judgment and order are affirmed.

Angellotti, J., and Van Dyke, J., concurred.