[S. F. No. 3373. Department One.—December 24, 1904.]

## FRANCIS H. PAGE (A. W. JOHNSON, Executor, Substituted), Appellant, v. W. W. CHASE COMPANY, Respondent.

FORECLOSURE OF STREET ASSESSMENT—ABSENCE OF NOTICE OF LIS PENDENS—PURCHASER PENDENTE LITE NOT CONCLUDED.—Section 409 of the Code of Civil Procedure, as to the filing of notice of *lis pendens,* applies to an action to foreclose the lien of a street assessment, and in the absence of such filing there is no constructive notice of its pendency, and a purchaser who took title from the defendant pending such action, without actual notice of its pendency, and who was not a party to the judgment foreclosing the lien, is not bound thereby.

ID.—PROCEEDING NOT IN REM.—Upon the foreclosure of a street assessment the land is not a party, and it is not a proceeding *in rem,* except in the sense that the amount of the lien can be collected only out of the amount of the property involved in the action. The judgment for the sale of the property is not binding upon the world, and can only affect the interest of an owner made a party to the action or affected with notice thereof.

ID.—CONCLUSIVENESS OF JUDGMENT—CONSTRUCTION OF CODE—NOTICE OF PENDENCY OF ACTION.—The provision in subdivision 2 of section 1908 of the Code of Civil Procedure, that a judgment is conclusive with respect to the matter directly adjudged between the parties and their successors in interest by title subsequent to the commencement of the action, is by the concluding clause of the section applicable only to those cases where the parties have had "notice actual or constructive of the pendency of the action."

Id.—Effect of Dismissal—Finding and Judgment against Vendor—Purchaser not Bound.—Where the purchaser was served with summons under a fictitious name, after he had obtained title *pendente lite,* without prior notice actual or constructive of the pendency of the action, by the dismissal of the action as to the defendants sued by fictitious names the purchaser ceased to be a party to the suit, and where a finding and judgment were thereafter had against the former owner, adjudging her to be the sole owner of the land involved, the effect of the proceeding is the same as if the action had been originally brought against her alone, and the purchaser is not bound by such finding and judgment.

Id.—Statute of Limitations — Continuance of Lien — Discharge against Purchaser.—The lien of a street assessment continues for two years only, and where the purchaser took title without notice actual or constructive of the commencement of the action, and after the lapse of two years from the date of the lien, he took the title discharged from the lien.

Id.—Purchase of Land Subject to Lien of Street Assessment—Inapplicable Rule—Absence of Personal Liability.—The title of the purchaser is not affected by the judgment foreclosing the street assessment against the vendor by reason of a provision in the conveyance that it was "subject to any existing lien for street-work." The rule as to the assumption of a mortgage or lien by a purchaser does not apply where the vendor. has no personal liability. There is no personal liability for a street assessment, and there can be no deficiency judgment in an action for its foreclosure. Such provision created no personal liability for the amount of the assessment.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion.

Knight & Heggerty, and William M. Madden, for Appellant.

J. C. Bates, for Respondent.

HARRISON, C.—Action to quiet title.

At the trial of the cause it was shown on behalf of the plaintiff that Rosalie M. Schwarze became vested with the title to the land in question on April 20, 1867, and that on March 19, 1900, she conveyed it to the plaintiff by a conveyance which was recorded in the office of the county recorder

on April 2, 1900. The *habendum* clause of the deed contains the following: "subject to any existing liens for street-work." In its answer to the complaint the defendant alleged that on October 26, 1900, the superior court of San Francisco, in an action upon a street assessment, wherein it was plaintiff and Rosalie M. Schwarze was defendant, had rendered judgment that certain money was due to it and was a lien upon the said land, and directed a sale thereof for the satisfaction of the lien, and that the said judgment was still in full force. At the trial herein the defendant offered in evidence the judgment-roll in that action, from which it appeared that the action was commenced by it May 25, 1899, for the foreclosure of a street assessment against the land, and that Rosalie M. Schwarze, John Doe, and Robert Roe were named as defendants therein; that on October 2, 1900, Rosalie M. Schwarze filed an answer to the complaint therein, in which she disclaimed any interest in the land and set forth that she had conveyed the same to the plaintiff herein on March 20, 1900, and that her said conveyance was recorded April 2, 1900, in the office of the county recorder; that the action was brought on for trial October 26, 1900, and that the court then ordered the defendants sued by the fictitious names of John Doe and Richard Roe dismissed therefrom, and gave judgment, which was duly entered of record, declaring a certain amount of money to be a lien against the said land, and directing its sale for the satisfaction thereof; that on September 18, 1900, prior to the filing of an answer by said Rosalie, the plaintiff herein was served with a copy of summons and complaint in said suit, as and for John Doe, named as one of the defendants therein; that on November 13, 1900, he filed a demurrer to said complaint, which was sustained by the court on November 16th; that notice thereof was on the same day served on the plaintiff therein; that said plaintiff failed to amend his complaint, and that on November 30, 1900, the court gave its judgment, which was duly entered of record, by which it dismissed the action as to the plaintiff herein. The plaintiff then testified that he had no knowledge of the pendency of that action until the service of the summons and complaint therein upon him as John Doe, on September 18, 1900. The defendant herein did not allege in its answer, nor was it shown at the trial, that a notice of *lis pendens* was filed in the recorder's

office at the time the action against Schwarze was commenced, or at any time thereafter. The street assessment upon which the action was brought is shown by said complaint to have become a lien upon the land May 25, 1897, that being the date upon which it is alleged that the warrant and assessment were recorded by the superintendent of streets. Upon the foregoing facts judgment was rendered in favor of plaintiff, and thereafter, upon motion of the defendant, the court granted a new trial. From this order the plaintiff has appealed.

It does not appear upon what ground the court made the order appealed from. In its notice of intention to move for a new trial the defendant stated as grounds therefor insufficiency of the evidence to justify the decision, and errors of law occurring at the trial; but it is not claimed that there was any conflict in the evidence upon any probative fact in the case, or that the existence of such fact depended upon the weight which the court might give to testimony thereon.

The question to which counsel have directed the attention of the court in their briefs upon this appeal, and which underlies the respective rights of the parties to the action, is the effect of the judgment in the street-assessment suit upon the title acquired by the plaintiff from Mrs. Schwarze. If he took the title from her in subordination to the judgment to be thereafter rendered in that action, the defendant's right to the land is superior to his. On the other hand, if the title then taken by him would not be affected by that judgment, it is superior to that of the defendant.

1. The rule of the common law that a purchaser *pendente lite* of the subject of the controversy took as a volunteer or intruder and in subordination to the judgment thereafter rendered in the action is not in force in this state. In lieu thereof, section 409 of the Code of Civil Procedure authorizes the plaintiff in any action affecting the title to real property to file in the office of the county recorder of the county in which the property is situated a notice of the pendency of the action, and declares that "From the time of filing such notice for record only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action." "The general rule is, that one not a party to a suit is not affected by the judgment; the exception at common law is, that a *pendente lite*

purchaser, though not a party, was so affected; the qualification of the doctrine made by our statute is, that such purchaser is not affected unless notice of such *lis pendens* be filed with the recorder." (*Richardson* v. *White,* 18 Cal. 103.)

The proposition of the respondent that this section is not applicable to an action for the foreclosure of the lien of a street assessment must be overruled. No authority is cited in support of the proposition and such action is as fully included within the terms of the section as is an action for the foreclosure of a mortgage or of any other lien. (See *McDonald* v. *McCoy,* 121 Cal. 55.) The decision in *Reeve* v. *Kennedy,* 43 Cal. 643, cited by the respondent, was made by virtue of an express provision in the statute under which the proceedings involved in that action were had, that the lien of the tax should not be removed until the taxes were paid or the property had absolutely vested in a purchaser under a sale for the taxes, and the court held that "the precise object of these provisions was to subordinate to the lien of the judgment all rights acquired by purchasers intermediate the assessment and the rendition of the judgment." The provision in section 1908 (subd. 2) of the Code of Civil Procedure, that a judgment is conclusive with respect to the matter directly adjudged between the parties and their successors in interest by title subsequent to the commencement of the action, is by the concluding clause of the section applicable only to those cases where the parties have had "notice actual or constructive of the pendency of the action." In *Wood* v. *Jordan,* 125 Cal. 261, and in *Crane* v. *Cummings,* 137 Cal. 201, cited by the respondent, the grantors in the deeds there discussed were named as defendants in the street-assessment suits and were served with the summons therein, and the conveyances were not made by them until after judgment had been entered against them. In *Roman Catholic Archbishop* v. *Shipman,* 69 Cal. 586, the plaintiff alleged that as he was not named as a party to the street-assessment suit he was not bound by the judgment therein; and all that the court decided was, that under the allegations of his complaint he had not shown any equitable ground for restraining the enforcement of the judgment against the parties against whom it had been rendered.

2. An action for the foreclosure of the lien of a street

assessment is not a proceeding *in rem*, as contended by the
respondent, except in the sense that the amount of the lien
can be collected only out of the amount of the property in-
volved in the action. It is not a proceeding wherein a judg-
ment for the sale of the property will bind the entire world,
or affect the interest therein of any owner except those who
are made parties defendant in the action. There can be no
proceeding *in rem* except it be authorized by statute, and in
such a proceeding the *res* which is to be affected thereby is
the defendant, and must be brought before the court either
by seizure or by publication of notice. Unless notice of the
proceeding is in some form given to the owner of the *res* and
an opportunity afforded him to defend the same, a judgment
for its sale would have the effect to deprive him of his prop-
erty without due process of law. The lien of a street assess-
ment—like any other tax—is to be enforced only in the mode
and to the extent authorized by the legislature. (See *Boskowitz*
v. *Thompson*, 144 Cal. 724.) In this state the legislature
has authorized its enforcement by means of a suit in equity
against the "owner" of the land; and in section 16 of the
Street Improvement Act (Stats. 1885, p. 159) the "owner"
is defined to be, for the purposes of that act, the person own-
ing the fee, or in whom appears the legal title to the land by
deeds recorded in the county recorder's office of the county.
There is no provision that the land shall be made the defend-
ant in such action, or that service of process shall be made
upon it as was provided by the statute involved in *Mayo* v.
*Ah Loy*, 32 Cal. 477,[1] and other cases cited in *Crall* v. *Poso
Irrigation District*, 87 Cal. 148, invoked by the respondent
upon this point. Under section 8 of the act (Stats. 1889, p.
166), if the name of the owner is unknown to the superintend-
ent of streets, the owner is to be designated in the assessment
as "unknown," but it would not be contended that the con-
tractor could select any person he might choose as the defend-
ant in his action and bind the land by the judgment therein,
as against its actual owner as defined in section 16.

3. The finding and judgment of the court in the street-
assessment suit that Mrs. Schwarze was the sole owner of the
land involved therein at the time of commencing the action,
and at all times mentioned in the complaint therein, is not

[1] 91 Am. Dec. 595.

conclusive upon the plaintiff herein. He was not named as a party to that action, and although he was served with the summons and complaint therein as John Doe, named. as a fictitious defendant, he was dismissed from the action before the judgment was rendered. After he had been served with process in the suit, the plaintiff therein was informed by the answer filed by Mrs. Schwarze that he had succeeded to her interest in the land many months prior thereto, and if he had remained a party defendant and judgment had been rendered against him, his interest in the land so derived would have been bound by the judgment; but instead thereof the plaintiff caused him to be dismissed from the action and took judgment against Mrs. Schwarze alone. The effect of this proceeding was the same as if the action had been originally brought against her alone. It is unnecessary to determine whether it was competent for the court, after such dismissal, to take any action upon the demurrer which he had previously filed, or whether its action in sustaining his demurrer or its judgment dismissing the action against him is entitled to any consideration. In either case, whether by reason of his previous dismissal from the case or by reason of the dismissal of the action as against him, he ceased to be a party to the suit—and is not bound by the judgment therein. There was therefore no constructive notice to the plaintiff of the street-assessment suit at the time he purchased the land and took the conveyance from Mrs. Schwarze; and as he testified at the trial that he had no knowledge of the pendency of the suit until he was served with the summons and complaint therein in September,—nearly six months after receiving the conveyance,—he is to be regarded as an innocent purchaser, and it must be held that the title then acquired by him is not affected by the judgment therein against Mrs. Schwarze.

4. The assessment upon which the action was brought became a lien upon the land May 25, 1897, and by section 9 of the Street Improvement Act this lien continued for two years. At the time the plaintiff herein purchased the land from Mrs. Schwarzé more than two years had elapsed since the date of the lien, and he therefore took the title discharged therefrom.

The contention of the respondents that because the action upon the assessment was commenced within the two years the lien continued as against the appellant cannot be maintained.

*Randolph* v. *Bayue,* 44 Cal. 367, and the cases following it, cited by defendant, do not support this proposition. All that was decided in those cases is, that, as against the defendants in the action, the lien does not expire during the pendency of the action if it is commenced within the life of the lien. As in the case of any other lien, the commencement of an action for its foreclosure suspends the running of the statute of limitations in favor of the defendants in the action; but it continues to run so far as others are concerned.

5. The title of the plaintiff is not affected by the judgment against Mrs. Schwarze by reason of the provision in her conveyance to him—''subject to any existing lien for street-work.'' The evident purpose of this clause in her conveyance was to relieve her from any liability by reason of the implied covenant against encumbrances. The principle which renders a clause in the conveyance of land whereby the grantee assumed the payment of an existing mortgage or other lien thereon available to the holder of the lien is, that he thereby takes the place of his grantor in reference to the obligation secured by the land, and creates an equity in favor of the mortgagee by which the latter may enforce the obligation against him to the same extent that he can enforce it as against his grantor. (*Hopkins* v. *Warner,* 109 Cal. 133.) The obligation thus assumed by him is, however, only such obligation as exists against his grantor, and is simply an agreement for his indemnity. (*Biddel* v. *Brizzolara,* 64 Cal. 354.) It can be enforced only by foreclosure, and is limited to the amount for which a deficiency judgment can be docketed after the sale of the mortgaged premises. (*Roberts* v. *Fitzallen,* 120 Cal. 482.) If there is no personal liability on the part of his grantor, there can be no deficiency judgment rendered, and consequently the rule has no application. (*Ward* v. *De Oca,* 120 Cal. 102.) As there is no personal liability for a street assessment there can be no deficiency judgment in an action for its foreclosure. Moreover, the language of the aforesaid clause in the conveyance to the plaintiff is not such as would render him personally liable for the amount of the assessment. (Jones on Mortgages, sec. 748.)

We advise that the order granting a new trial be reversed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order granting a new trial is reversed.

Van Dyke, J., Shaw, J., Angellotti, J.

Hearing in Bank denied.