[Sac. No. 1595.    Department One.—September 8, 1908.]

HOLT MANUFACTURING COMPANY (a Corporation), Appellant, v. W. W. COLLINS, Respondent, and C. J. EDWARDS et al., Interveners and Respondents.

MECHANICS' LIENS—LIEN ON THRESHING MACHINE—ACTION TO ENFORCE NOT IN REM—EFFECT OF JUDGMENT.—An action for the enforcement of the statutory lien on a threshing machine is not a proceeding *in rem,* except in the sense that the amount thereof can be collected only out of the property involved in the action, and is not a proceeding wherein a judgment for the sale of the property will bind the entire world, or affect the interest therein of any owner except those who are made parties defendant in the action.

ID.—LIEN WHEN EXISTS—EMPLOYMENT BY PERSON NOT OWNER—CONSTITUTIONAL LAW.—Under section 3061 of the Civil Code, one performing labor in and about the operation of a threshing machine and outfit, at the employment of one not the actual owner, but lawfully in the possession and operation of the machine under contract with the owner, can have and maintain against the property a lien for his services, and to this extent the actual ownership of the property by a person other than such employer is an immaterial circumstance. So construed, the statute is not open to any objection on the ground of violation of any constitutional right of the owner of the property.

ID.—OWNER NECESSARY PARTY TO ENFORCEMENT OF LIEN AGAINST HIM.—In such cases the owner places his property in the possession of another, knowing the purpose for which it is to be used by him, and knowing that the statute gives a lien for their services to those who may be employed in such use, and he voluntarily subjects it to such liens as are given by the statute. He, however, thus subjects it only to such claims as constitute liens under the terms of the statute, and is entitled to his day in court to contest the validity of any asserted claim. His interest in the property cannot be affected by a proceeding for such enforcement to which he is not a party.

ID.—OWNER NOT PRIVY TO PURCHASER UNDER CONTRACT FOR SALE.—The owner of a threshing machine, who has delivered the possession thereof to another to whom he has contracted to sell it upon payment of the purchase price, is not a privy to such other, so as to be bound by a judgment against him enforcing a lien on the property.

ID.—ACTION BY OWNER TO RECOVER POSSESSION FROM SHERIFF—JUDGMENT AGAINST PURCHASER NOT JUSTIFICATION.—In an action by the owner of such threshing machine to recover possession thereof from the sheriff, an answer by the latter, setting up a right to the possession under the judgment and order of sale based thereon, in favor of the lienors, rendered in the action to which the owner was not made a party, constituted no defense. And a complaint in intervention in such action, filed by the lienors, which was based entirely on the foreclosure judgment, and which showed on its face that the foreclosure action had been dismissed as to such owner, failed to state facts showing the interveners to be entitled to the possession as against the owner. If such complaint in intervention had contained allegations showing that the interveners had in fact, independent of the judgment, a lien on the property for their services, and the owner had thus been given an opportunity to contest the interveners' claim, it is possible that the property might have been held subject to the judgment, so far as such judgment was warranted by the evidence given on the trial in support of such allegations.

ID.—DISMISSAL OF OWNER FROM ACTION TO FORECLOSE LIEN—JUDGMENT.—Where such owner was originally made a party defendant to the action for the foreclosure of the lien and answers therein without asking any affirmative relief, the plaintiff had the absolute right before the trial to dismiss the action as to such owner, whether the latter consented to such dismissal or not. Upon such dismissal being had, the owner ceases to be a party to the action and is not affected by the judgment rendered therein. The owner, after being dismissed from the action, was under no obligation to intervene for the purpose of presenting any defense it may have had.

ID.—SERVICES NOT CONNECTED WITH THRESHING OUTFIT.—Section 3061 of the Civil Code does not give a lien on a threshing outfit for services rendered in and about a steam-engine, while it was being used for other purposes than as a part of such outfit.

ID.—DEFAULT BY PURCHASER—TERMINATION OF CONTRACT BY SELLER—POSSESSION BY SHERIFF.—The owner of a threshing machine, who has delivered the possession thereof to another to whom he has contracted to sell it, under an agreement which gave him the right to terminate the contract and retake the property upon default in the payment of the purchase price, may exercise his right of terminating the contract after the sheriff had taken possession of the machine under a judgment against the purchaser.

FINDINGS WHEN INSUFFICIENT.—A general finding "that all the *material* denials, and averments of the answer to the complaint herein are true, and all the *material* averments of the amended complaint in intervention are true," is insufficient for any purpose.

APPEAL from a judgment of the Superior Court of Tulare County and from an order refusing a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and Frank Lamberson, for Appellant.

J. A. Allen, and T. E. Clark, for Respondents.

T. E. Clark, for Interveners and Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment and an order denying its motion for a new trial in an action brought by it against defendant Collins, sheriff of Tulare County, to recover possession of certain threshing machinery, consisting of a steam-engine, etc., or its value.

The complaint was in the form generally used in actions of claim and delivery, alleging ownership and right of possession in the plaintiff, value, possession by said defendant, demand for delivery and refusal to comply therewith.

The defendant sheriff by his answer denied the alleged ownership and right of possession of plaintiff, and set up in justification of his claim to the possession a certain judgment in the superior court of Tulare County in an action brought by C. J. Edwards and four others against J. E. Hubbard, Chauncey Hubbard, Owen Hubbard, Archy Hubbard, and this plaintiff, to enforce against said threshing machinery alleged liens for work and labor in and about the same, under section 3061 of the Civil Code, and an order of sale in satisfaction of said judgment issued thereon and placed in his hands for execution.

The judgment so set up was against the Hubbards only, and showed upon its face that the action was dismissed as to the Holt Manufacturing Company prior to judgment on motion of the attorney for the plaintiffs therein, and that judgment was given against the Hubbards upon their default, they having failed to appear in the action. Plaintiff, it appears, consented to such dismissal. The judgment contained recitals showing substantially that it was made to appear to the court that the Hubbards were the owners and in possession of, managing, and operating the machinery as farmers, harvesters, and threshers, and that the plaintiffs had each worked and performed labor thereon in operating the same at the request

of the Hubbards, for which there was due them at the date of the judgment sums aggregating $1317, for which with interest and attorney fees they were entitled to judgment against the Hubbards, and to a lien on said property, and the sale of the whole property including the interest of all the parties claiming ownership therein in satisfaction of the lien.

The plaintiffs in said action, C. J. Edwards et al., filed in this action their complaint in intervention, setting up therein their claims to a lien on said property solely by reason of said judgment, there being no allegations therein tending to support any claim except as it was established by said judgment. They further alleged that plaintiff herein delivered the property to the Hubbards, knowing the purposes for which it was to be operated and knew that it was so being operated. They joined with defendant sheriff in asking that the property be delivered to the sheriff to be sold to satisfy the judgment.

Plaintiff's demurrer to this complaint in intervention for want of facts was overruled. Plaintiff then filed an answer to such complaint, and among other things denied the alleged effect of the judgment as against it, alleged that the judgment as to one of said creditors, Martha M. Pauley, had been fully paid and satisfied, and denied that the lien of the interveners amounted to fifteen hundred dollars or any sum whatever. In this answer it was also made to appear that, although plaintiff was originally made a party defendant in the foreclosure case, and filed an answer denying all the material allegations of the complaint, it was not a party to the judgment, plaintiff having dismissed the action as to it.

The interveners demurred to this answer for want of facts, and the demurrer was sustained.

A trial having been had, the court made its findings. From these it appears that the property was delivered by plaintiff to J. E. Hubbard on or about June 7, 1905, under a contract of conditional sale for eight thousand five hundred dollars, payable in installments. It was agreed therein that plaintiff does not part with the title until all deferred payments are fully made, and that in the event of default in payment the plaintiff might, at its option, and without notice, terminate the agreement and retake the property. Under this agreement, the Hubbards retained possession of the property, operating it until it was taken from them by the sheriff under the order

of sale in February, 1907. It was expressly found that the title to the property was at all times in the plaintiff, but that plaintiff's ownership thereof and all interest it had therein was subject to said contract, as to which the evidence shows without conflict that the Hubbards were in default for over three thousand dollars at the time of the demand for possession by plaintiff on the sheriff, and also to the foreclosure judgment in favor of the interveners and the right of defendant sheriff to subject the same thereto. The findings are full and explicit as to the proceedings in said foreclosure suit, resulting in said judgment and order of sale. It was further found that this judgment was a valid and subsisting judgment establishing the lien of the interveners for labor performed by them as therein shown on and about the property. There are some other findings outside of any issue made by the pleadings, such as the finding that the interveners did in fact render services in and about said property in the operation thereof, which cannot be considered. Upon these findings judgment was given that defendant sheriff recover the property from plaintiff, by whom it had been taken at the commencement of this action, or its value, found to be three thousand five hundred dollars.

It is manifest from the record that the proceedings in the trial court were had and disposed of on the theory apparently entertained both by counsel for respondent and the learned judge of that court, that the rights of the plaintiff in this property were foreclosed, so far as the claims of the interveners and the sheriff holding the property for the enforcement of those claims were concerned, by the judgment in the foreclosure proceeding. This undoubtedly would have been the situation in view of our decisions as to the effect of our statute relating to liens of laborers on threshing machines (now section 3061 of the Civil Code) had plaintiff been a party to that judgment. It is there provided that "every person performing work or labor in, with, about, or upon any barley crusher, threshing machine or engine, horsepower, wagon, or other appliance thereof, while engaged in crushing or threshing, has a lien thereon to the extent of the value of his services," which lien, it is provided, is to be enforced by an action brought for that purpose, resulting in the sale of the property. There is no provision as to who shall be parties in such

action and nothing to indicate that it was the intention that the judgment should bind the interest in the property of any person not a party to the action. It is settled by the decisions in this state that under this statute one performing labor in and about the operation of a threshing machine and outfit, at the employment of one not the actual owner, but lawfully in the possession and operation of the machine under contract with the owner, can have and maintain against the property a lien for his services, and that to this extent the actual ownership of the property by a person other than such employer is an immaterial circumstance. (*Church* v. *Garrison,* 75 Cal. 199, [16 Pac. 885]; *Lambert* v. *Davis,* 116 Cal. 292, [48 Pac. 123]. See, also, *Clark* v. *Brown,* 141 Cal. 93, [74 Pac. 548].) This is not disputed by plaintiff, and there is no claim by it that the statute when so construed is open to any objection on the ground of violation of any constitutional right of the owner of the property. In such cases, the owner places his property in the possession of another, knowing the purpose for which it is to be used by him, and knowing that the statute gives a lien for their services to those who may be employed in such use, and he voluntarily subjects it to such liens as are given by the statute.

But he thus subjects it only to such claims as constitute liens under the terms of the statute, and, under elementary principles, is entitled to his day in court to contest the validity of any asserted claim. His interest in the property cannot be affected by a proceeding for such enforcement to which he is not a party.

Passing the possible constitutional objection that might be made to a statute that purported to authorize the taking of the property of a person for the debt of another alleged to constitute a lien on such property, without an opportunity to the owner to contest the validity of the claim and lien, it is clear that nothing of this kind was ever contemplated by the statute before us. What it did contemplate was simply, as has already been held, that the laborer should have his lien on the property as against the owner, for services rendered under employment by another lawfully in possession thereof, and that he might enforce this lien against the owner. When so proceeded against by the lien claimant, the fact that one is the owner of the property does not enable him to

exempt his property from the lien given by the statute. It is in this sense, and this sense only, that this court has said that in such a case the actual ownership is an immaterial circumstance. In all the cases hereinbefore cited, the owner was a party to the action and to the judgment therein rendered, and in *Clark* v. *Brown,* 141 Cal. 93, [74 Pac. 548], in discussing a question of costs, it was said that he was a necessary party. That he is a necessary party in the sense that his interest in the property cannot be affected by a judgment unless he be a party is clear.

As was said in *Tay* v. *Hawley,* 39 Cal. 96: "It is a cardinal principle of jurisprudence that a judgment shall not bind or conclude a man, either in respect to his person or property, unless he has had his day in court. No person shall be deprived of life, liberty or property without due process of law, says the constitution; but this principle is older than written constitutions, and, without invoking the constitutional declaration, every person may, as a matter of common right, insist that he be heard in his own defense before judgment passes, which binds, charges, or injuriously affects his person or his estate." Under our statute a judgment foreclosing a lien can be conclusive only "between the parties and their successors in interest by title subsequent to the commencement of the action." (Code Civ. Proc., sec. 1908, subd. 2.)

The owner of the property in a case of this character occupies a position analagous to that of a subsequent purchaser or encumbrancer who takes prior to the commencement of an action to foreclose a prior lien. His interest is subject to the prior claim, but can only be affected by a judgment thereon to which he is made a party. In *Whitney* v. *Higgins,* 10 Cal. 551, [70 Am. Dec. 748], this court said: "The plaintiff's claim to the relief he seeks rests upon the general principle that the rights of a person cannot be affected by a suit to which he is a stranger. By the judgment in a suit, parties and privies are alone bound. . . . Though the lien of mechanics is purely the creature of the statute, a decree for the sale of the premises in its enforcement has the same and no greater effect upon the rights of purchasers and encumbrancers prior to the commencement of suit, than a similar decree would have upon the foreclosure of a mortgage. If such purchasers or encumbrancers are not made parties, they are in no respect

bound by the decree or proceedings thereunder." In *Good-enow* v. *Ewer,* 16 Cal. 468, [76 Am. Dec. 540], it was said: "But the owner of the mortgaged premises, where no power of sale is embraced in the mortgage, cannot, under any circumstances, be cut off from his estate, except by sale in pursuance of the decree of the court. To give validity to such decree, the owner must be before the court when it is rendered. No rights which he possesses can otherwise be affected, and any direction for their sale would be unavailing for any purpose. . . . If he has parted with the estate, his grantee stands in his shoes, and possesses the same right to contest the lien and to object to the sale. The object of the sale is to subject such estate as the mortgagor held at the time to the satisfaction of the lien which he created, and if that estate has been disposed of, a decree directing its sale without the presence of its owner would be a mere arbitrary act, condemning, without hearing, one man's property to pay another man's debt. It is only when the owner of the estate has had his day in court, that a valid decree can pass for its sale. It is only under a decree of this nature that a purchaser can acquire any title." *March* v. *McKoy,* 56 Cal. 85, was an action in replevin. The plaintiff had executed to one Woods what was called a lease of the property for six months for a rental of one hundred dollars per month, a bill of sale to be given at the end of six months if all the rent had been paid. While the property was so in the possession of Woods, repairs were made thereon by mechanics, who claimed a lien for their services, and in an action brought for that purpose, they obtained a judgment foreclosing the lien, under which the property was sold by the sheriff. March was not a party to this action. The defendants claimed under this sale. The court said: "Woods was not the owner of the property in controversy when the repairs upon it were made. Assuming that the provisions of the code which treat of the liens of mechanics give a lien upon personal property for repairs by mechanics who do not take possession of such property—a point which we do not decide—it would seem very clear that such liens cannot be enforced so as to deprive of his right the person having the general property in the chattels, without making him a party to the foreclosure suit." Mr. Freeman, in his work on Judgments says: "The foreclosure of a mortgage or of any

other lien is wholly inoperative upon the rights of any person not a party to the suit." (See, also, Phillips on Mechanics' Liens, sec. 456.)

In *Page* v. *W. W. Chase Co.*, 145 Cal. 582, [79 Pac. 278], it was held that an action for the foreclosure of a lien of a street assessment is not a proceeding *in rem*, except in the sense that the amount thereof can be collected only out of the property involved in the action, and is not a proceeding wherein a judgment for the sale of the property will bind the entire world, or affect the interest therein of any owner except those who are made parties defendant in the action. This is equally applicable under our statute relative to liens on threshing machines. (See, also, Phillips on Mechanics' Liens, sec. 395.)

Various reasons are suggested by counsel for respondents why the well-settled rule above stated has no application in this case, but we see no force in any of them. It is urged that the statute contemplates that a judgment against the employer having possession of the property shall bind the owner. We have already considered this point. It is further urged that plaintiff by reason of its contract with the Hubbards under which it delivered possession to the Hubbards was privy to the Hubbards, and therefore within the rule that the parties to the action and their privies are bound by the judgment. Of course, there is nothing in this. As defined by the authorities, a privy within the general rule is one whose succession to the rights of property affected occurred after the institution of the particular suit and from a party thereto (see *Orthwein* v. *Thomas*, 127 Ill. 554, [11 Am. St. Rep. 159, 21 N. E. 430]), or who claims under or in right of parties, as an administrator or executor. (See *Lipscomb* v. *Postell*, 38 Miss. 476, [77 Am. Dec. 651].) As said by Mr. Freeman, they are bound because they have succeeded to some estate or interest which was bound in the hands of its former owner. The rule applicable in this state in this class of cases is shown by subdivison 2 of section 1908 of the Code of Civil Procedure. It is urged that inasmuch as plaintiff was originally brought in as a party defendant in the foreclosure suit, and had actual notice of the pendency of the proceeding, it could, although dismissed from the action by the plaintiffs, have intervened, and thus presented any defense it had, and was bound to do

so. The authorities cited by respondent on this point have no application whatever. Plaintiff had not asked for affirmative relief in its answer, and the plaintiffs had the absolute right to dismiss the action as to it, whether it consented or not. The fact that plaintiff did not object to the granting of the application to dismiss, and when asked, indicated its consent thereto, is immaterial. The dismissal was, in effect, an absolute withdrawal of any claim by the foreclosure plaintiffs against its interest in the property, and plaintiff had the right to consider it as such. Where a defendant is dismissed from an action before judgment, the effect of the dismissal is the same as if he had never been made a party. (*Page* v. *W. W. Chase Co.*, 145 Cal. 584, [79 Pac. 278].) We can conceive of no reason why the fact that plaintiff had actual notice of the proceeding against the Hubbards required it to intervene or be bound by any judgment against the Hubbards. Such is not the law. (*Page* v. *W. W. Chase Co.*, 145 Cal. 584, [79 Pac. 278]. See *Wakefield* v. *Van Dorn*, 53 Neb. 25, [73 N. W. 226].) We fail to perceive the applicability of section 10 of article XII of the constitution prohibiting the passage by the legislature of laws permitting the leasing or alienation of any franchise in such a manner as to accomplish certain results.

From what has been said, it is clear that the answer of the sheriff in so far as it rested on the judgment in the foreclosure proceedings did not state facts sufficient to constitute a defense to plaintiff's action. The answer was effectual as a defense only in so far as it denied the allegations of plaintiff's complaint. Likewise, the complaint in intervention based entirely on said foreclosure judgment, which upon its face showed that the action had been dismissed by the plaintiffs therein as to this plaintiff, utterly failed to state facts showing the interveners to be entitled to relief as against plaintiff, and plaintiff's demurrer thereto should have been sustained. Such judgment could not avail against plaintiff, at least unless it was accompanied by other allegations of fact showing that the interveners had in fact, independent of said judgment, a lien on plaintiff's property for their services. If it had contained such allegations, and plaintiff had thus been given an opportunity to contest interveners' claim, it is possible that its property might have been properly held

subject to the judgment, so far as such judgment was warranted by the evidence given on the trial in support of such allegations. (See *Redington* v. *Frye,* 43 Me. 578.) Likewise, the demurrer of interveners to plaintiff's answer to their complaint should not have been sustained. It in terms denied that interveners had a lien on plaintiff's property amounting to the sum of fifteen hundred dollars or any other sum. It further alleged payment and satisfaction by the Hubbards of a portion of the judgment against them. Likewise, the finding that plaintiff's interest in the property was subject to and subordinate to the foreclosure judgment, and to the right of defendant sheriff to subject the same thereto, had no support in the evidence. In this connection it is clear that the finding that the Hubbards employed the interveners to labor on and about such machinery, and that the interveners rendered services in the operation of the same, is entirely without the issues made by the pleadings, and cannot be considered in support of the judgment. Even if it could be so considered, it would be unavailing, for it does not show that any of such services were rendered on the property while such property was "engaged in crushing or threshing" to which section 3061 confines the lien, nor does it show the amount or value of services rendered, the theory all the time plainly being that these matters were all conclusively settled by the foreclosure judgment. The evidence of intervener Squires (who was given a lien for $375), upon which alone this finding was based, was open to the objection made by the plaintiff that it was not within the issues made by the pleadings, and should not have been admitted. It is worthy of note, as indicating a reason for the dismissal by the foreclosure plaintiffs of the original action against plaintiff, and the importance to respondents of having the judgment therein held conclusive against plaintiff without an opportunity to defend against the asserted lien claims, that on the cross-examination of Squires it was admitted by him that his claim was in large part for services rendered in and about the engine while it was being used for other purposes than as a part of the threshing outfit, as, for instance, hauling water for the engine during the plowing season, and repairing the engine between the end of the plowing season and the commencement of the harvesting season. Of course, section 3061 of the Civil Code gives no lien for any such services.

As has been stated, the trial court also found that plaintiff's ownership was subject and subordinate to the contract of sale. It did not definitely find whether or not such contract had been terminated, and the right of possession of the Hubbards and their successors thereunder extinguished. If such right of possession on their part had been extinguished, there was, of course, no possible right of possession in the sheriff as against plaintiff, under a judgment and order of sale running against the Hubbards only. The uncontradicted evidence showed that the Hubbards were heavily in default on their payments, between three thousand and five thousand dollars, and according to the agreement, as found by the court, plaintiff had the right in the event of default in payment, with or without notice to terminate the agreement and retake the property. It is admitted by the pleadings that prior to the commencement of this action plaintiff demanded of the sheriff the possession of the property, serving on him a written claim duly verified, setting out its ownership and right of possession. We know of no reason why plaintiff could not terminate the agreement as well after defendant sheriff had taken possession under the order of sale as before such taking. This finding of subordination of plaintiff's ownership to the contract of sale, even if it be conceded that the continuance in force of such contract would authorize the possession of the property by the sheriff for the purpose of selling the Hubbards' interest therein, which we do not decide, is without force because it cannot be ascertained from the findings that the agreement is not terminated and all interest of the Hubbards thereunder extinguished. The general omnibus finding "that all the *material* denials, and averments of the answer to the complaint herein are true, and all the *material* averments of the amended complaint in intervention are true," is insufficient for any purpose. (*Ladd* v. *Tully,* 51 Cal. 277; *Harlan* v. *Ely,* 55 Cal. 344. See, also, *Perkins* v. *West Coast Lumber Co.,* 120 Cal. 28, [52 Pac. 118].)

In view of what we have said it is unnecessary to discuss other points.

The judgment and order denying a new trial are reversed and the cause remanded for proceedings not inconsistent with the views herein discussed.

Shaw, J., and Sloss, J., concurred.