Hull B. Witt v. Daniel Marsh and John Strong,
and
Stearns, Warren & Southgate v. Daniel Marsh and
Homer Webster.

When a judgment is rendered in an action of book account, part of the account having accrued before the first of January, 1839, and a part afterwards, the creditor cannot have an execution upon such judgment against the body of the debtor.

If an execution is issued in such case against the body, and the debtor is committed to prison thereon and gives a jail bond, such bond is void, and the defendants, in defence of a suit on the bond, may give in evidence the illegality of such execution.

These cases were actions of debt on jail bonds. Each case presented the same question for the determination of this court and both were argued together.

The first named action was upon a bond, dated September 12,1840, given by Daniel Marsh, as principal,and John Strong as surety, for the admission of said Marsh to the liberties of the jail yard in Windsor county, who was then imprisoned by virtue of an execution issued on a judgment rendered by Walter Palmer, a justice of the peace, on the 31st day of July, 1840, in favor of the plaintiff, Witt, for $77.97 damages and $3.20, costs.

The defendants pleaded in bar of the action, in substance, that the said Marsh, at the time of the rendition of said judgment and of issuing and levying said execution, was and ever since has been, a resident citizen of this state ; that said judgment was recovered in an action founded on contract, to wit, book account ; that between twenty and thirty dollars of the plaintiff's account accrued after the first day of January, 1839, and that said judgment was rendered for and included the account accruing after the first day of January, 1839, and also the account accruing previously thereto ; that there were no credits on the plaintiff's books ; that the execution which issued on said judgment, and by virtue of which the said Marsh was imprisoned, was a capias against the body of said Marsh, contrary to the statute in such case made and provided, &c.

To this plea the plaintiff demurred generally.

The other action was upon a bond dated July 17, 1840,

given by said Marsh, as principal, and Homer Webster as surety, for the admission of said Marsh to the liberties of the jail yard, who was then imprisoned by virtue of an execution issued on a judgment rendered by Norman Williams, a justice of the peace, on the 11th day of May, 1840, by confession, in favor of Stearns, Warren & Southgate, against said Marsh for $125.75 damages and 25 cents costs.

The defendants' plea to this action was the same, in substance, as the plea to the preceding action, above set forth, excepting that the accounts between the parties were thus stated in the plea ;—' the amount of the charges on the ' plaintiffs' book was $173.61 ; that only ten or fifteen ' dollars of said account accrued against said Marsh before ' the first day of January, 1839, and the residue thereof ac- ' crued after the first of January, 1839, and that there were ' credits to said Marsh, on the plaintiff's books, amounting to ' $47.00, all of which were made after the first day of Janu- ' ary, 1839.'

To this plea there was a general demurrer and joinder.

The county court decided that said pleas were sufficient, and, in each action, rendered judgment for the defendants, and the plaintiffs excepted.

After argument by *O. P. Chandler,* for plaintiffs, and *C. Marsh,* for defendants,

The opinion of the court was delivered by

WILLIAMS, Ch. J.—Both of the above cases depend on the same question, and have been submitted together. They are actions of debt on jail bonds. The plea in the one case, discloses that the judgment, on which the execution issued, whereon Marsh was committed, was rendered in an action on book, and that the principal part of the account accrued before the first of January, A. D. 1839. In the other, that the principal part of the account accrued after that time. The question is, whether, under the existing law, the plaintiffs were entitled to the executions against the body of Marsh, the debtor, and whether the commitments thereon were so far legal that the defendants are liable on their jail bonds. The question is now presented to the court, for the first time, and is somewhat embarrassing, arising from the

nature of the action on book.  In the action on book, all
the accounts between  the  parties, although running ever so
long, up to the time of auditing the account, must be sued
for in one action, and there can be but one recovery and one
judgment.

On all judgments rendered  on  contracts accruing before
the first day of January, A. D.  1839, the  creditor was en-
titled to  an  execution against the body of the debtor, with
some exceptions which it is not  necessary to mention.   On
judgments rendered on  contracts, express or  implied, made
or entered into after that period, no writ or  execution could
issue against the body of the debtor, if  he  was a  resident
citizen of this state.   In the statute which took away the
remedy against the body of the  debtor, for contracts made
or entered into after the first day of January, 1839, no pro-
vision was made for a case where the judgment was rendered
on different contracts, some of which were before, and some
after that date.   But we think, that if a  party  voluntarily
embraces in one declaration several counts or  different con-
tracts, on some of which he would  have  been  entitled  to a
capias and  on the others would not have been  so  entitled,
he cannot, on such judgment,  have  an  entire  execution
against the body of his debtor.   The same  principle  would
apply to a recovery in the action on book, where part of the
demand was  since the  passing of the statute abolishing im-
prisonment.   Indeed,  unless some  legislative provision is
made, we cannot issue,  on one judgment,  an  execution for
part of the debt against the  body, and for the  other  part
against the property alone.

Where the creditor continues an account after the first of
January, which had commenced before, and  brings  an ac-
tion on book  to recover therefor, it may be considered as a
voluntary blending and uniting in  one  judgment claims on
which he might  have  been entitled to  different remedies.
Whether, by resorting to any other form of action, a judgment
could have been  rendered for  the amount due from the de-
fendant, for  which the  plaintiff could have  had  execution
against his body, and another for the amount due when  he
ceased to have that remedy, is not for us to inquire.

It has been contended, in this case, on the one side, that
the whole contract may  be  considered  as  one made at the

*Margin note:*

WINDSOR,
*February,*
1842.

Witt
*v.*
Marsh *et al.*

commencement of the account between the parties, to pay any balance which might thereafter be found due ; and, on the other side, as a contract after the account had closed, to pay the balance. Neither of these views is satisfactory as showing that the plaintiff was entitled to one remedy alone for the whole of the demands due from the defendant. Up to the first of January, 1839, the creditor had a remedy to recover what was due to him at that time, by attachment or execution against the body. After that time, he had no such remedy. By uniting them together and obtaining one entire judgment, he cannot have such remedy for that part of the demand accruing after the first of January, 1839, which he had for the amount accruing before, and can, therefore, take only such an execution as the law now gives, for the collection of demands lately contracted.

It is made a question whether the defendants can avail themselves of this as a defence to the jail bond.

It is to be remembered, however, that we have repeatedly determined, that,in such an action, the defendant may contest the legality of the imprisonment. He can show that no such judgment was rendered, or no such execution issued as was described in the jail bond, and, however the execution and judgment may protect the party, in an action for false imprisonment, yet, it would be wholly superfluous to require a defendant first to set aside the execution, before he could defend against the suit on the jail bond, by showing the irregularity of the commitment. In the present cases, the executions were illegal, as having been issued against the express provisions of the statute. The judgments of the county court are therefore reversed.