## McCRILLIS *versus* WILSON.

By including in the same judgment a lien claim and a claim to which no lien attaches, the creditor waives his right of lien.

The lien, given by statute upon lumber, for the personal services of a laborer, does not extend to the hire of his team of cattle, though employed upon the same lumber.

The personal service, which the lien protects, embraces the time during which the laborer is detained at the employer's request, while the business is getting into a condition for the labor to be resumed.

Where laborers, in separate crews and in separate places, work for the same employer in cutting and hauling lumber in the woods ; *it seems*, that each one of them has a lien for his services on any pieces of the lumber when at the place of manufacture, though without showing that he, or the crew with which he labored, did any work upon such pieces.

On Facts agreed.

Trover. — The plaintiff owned a tract of timber land. He contracted with J. H. Haynes & Co. to cut and haul masts to the river and drive them to the town of Brewer. They performed the contract, and he paid them in full.

They employed Samuel Nash, Royal F. Nash and James Nash, as laborers in the cutting and hauling. These laborers brought their several suits against Haynes & Co., and attached the masts, claiming the statute lien. Masts enough to pay their claims were sold by the officer upon the writs. Afterwards judgments in the suits were duly recovered by the laborers, and the executions were within thirty days afterwards, placed in the hands of the defendant, who is the officer, (a deputy sheriff, ) by whom the attachment and sales were made. It is for making those attachments and sales, that this action is brought against him by the general owner.

In the suit by *Samuel Nash,* he charged and recovered judgment for his personal labor and also for the labor of eight oxen, $112,46, and for one ox-sled, to haul supplies, $5.

In the suit by *Royal F. Nash,* he charged and recovered judgment for his personal services, and also for $2, " being the amount agreed upon on an exchange of watches."

In the suit by *James Nash*, he charged and recovered judgment for his personal services and for five days detention in the woods at their request.

Haynes & Co. had several teams hauling the masts. These teams, with the crews attached to them, worked separately on several parts of the tract. The defendant was unable to prove that any one of the laborers worked upon the identical masts which were attached in his suit, or that any one of such masts was cut and hauled by the crew and team with which he worked.

*McCrillis* and *Crosby*, for the plaintiff.

*Hobbs* and *Fessenden*, for the defendant.

The opinion of the Court, SHEPLEY C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

APPLETON, J. — The plaintiff, owning certain lands, contracted with J. H. Haynes & Co. for cutting and hauling logs and other lumber and for running the same, for all which he has paid them in full, according to the provisions of his contract. The defendant, a deputy sheriff, seized the same on writs in favor of the several plaintiffs in those suits, who claimed a lien thereon for their labor. It is for this seizure this suit is brought.

It has been decided, in *Bicknell* v. *Trickey & al.*, that in enforcing the lien for labor upon lumber, the proceedings must be regarded strictly *in rem*, and that by joining such privileged claim with others, the laborer must be considered as having waived his special rights, and as merely standing on an equality with the general creditors of his debtor.

The only questions arising in this case are, in what suits, under which the defendant justifies, has the lien been lost ?

In the suit, *Samuel Nash* v. *J. H. Haynes & Co.*, are found charges for " the labor of eight oxen three months and nineteen and half days, at thirty dollars per month, $112,46, and one ox-sled, to haul loads in the woods, $3.

The Act is entitled an Act giving " to laborers on lumber a lien thereon." The lien thus given is " for the amount stip-

ulated to be paid for his personal services and actually due."
The object of this statute was to protect the laborer and for
that purpose alone. The claim for the labor of oxen, or for
the value of the sled, can upon no reasonable principles of
construction be regarded as for personal services. The same
remark applies to the difference between watches, included in
the judgment, *Royal F. Nash* v. *J. H. Haynes & al.* The
sales by the officer, on the executions obtained in these suits,
are without justification, and for these he must be held re-
sponsible.

In the suit, *James Nash* v. *J. H. Haynes & al.*, is an item
for five days detention, $5, which makes part of that judg-
ment in favor of the plaintiff. The lien for the rest of the
claim is unquestioned. It would seem that the plaintiff, re-
maining with his employer, ready to render such services as
should be required of him, might be viewed as remaining un-
der his contract, and that he ought not to suffer because no
special services were required of him. The detention might
have been as a matter of prudence on the part of his employer,
in the expectation that it might be expedient to continue
longer in the work in which they were engaged, or in the an-
ticipation of a rise in the water, which did not occur. If he
was detained by his employer, ready to do service for him,
but from any unforeseen cause, his labor was not needed, he
is certainly entitled to his compensation. That he remained
with his employer, that he was rightfully there, and that he
is justly entitled to compensation for this as his other time, is
conceded by the default in that action. The service in this
instance was in remaining with those for whom he was labor-
ing at their instance and for their benefit.

The defendant must be defaulted for the value of the masts
sold to pay the judgments in favor of Samuel Nash and
Royal F. Nash.