Coburn *v.* Kerswell.

---

COBURN & al. *versus* KERSWELL.

The statute giving to laborers a lien upon lumber, extends only to the securing of payment for their "*personal services,*" and does not include the use of teams and their needful apparatus.

Where a laborer, having a lien upon lumber for his personal services, accepted a negotiable note for the amount, prior to the passage of the amendatory Act of 1851, such note must be considered a payment, and therefore a discharge of the lien.

ON FACTS AGREED.

REPLEVIN for 100 saw-logs.

They grew upon the plaintiffs' land, and were cut and hauled by one Cross, who in doing it employed Plummer & Chapin to assist him. They accordingly worked for him, furnishing a six-ox team, sleds, rigging, &c. For their wages and for the labor of the team and the use of the sleds and rigging, they brought an action against Cross, and recovered a judgment of $233,66, upon which an execution was issued.

One Burns also labored for Cross in cutting and hauling the logs. For that labor, Cross gave his negotiable note to Burns, and upon that note Burns recovered judgment against Cross for $106,32, upon which an execution was issued.

Coburn *v.* Kerswell.

Upon the writs in those actions, the officer returned that he had attached the logs. The executions were delivered to this defendant, a deputy sheriff, who seized the logs in question. They were seized before arriving at their place of destination. Whereupon this writ of replevin was brought.

The defendant justified under the lien, given by the statute to Plummer & Chapin and to Burns, for their services in cutting and hauling the logs.

*Coburn & Wyman*, for the plaintiffs.

*Leavitt*, for the defendant.

It is contended by the plaintiffs, that the statute gave a lien to the laborer only to the extent of his *personal services*, and that by embracing in their judgment against Cross the amount due for the use of the team, sleds, &c., Plummer & Chapin have waived their lien in full.

True, the statute speaks of "personal services." But we submit that the plaintiffs' construction of those words is all too limited. It would be hardly supposable, that the Legislature intended to furnish security merely for what a man's own hands have physically done. The statute had a higher purpose. Its object, doubtless, was to give security for all the appliances by which a laborer has benefited the property. Such lumber cannot be got to its "place of destination" without the aid of teams. Of that condition the Legislature well knew. Their object was to furnish a substantial benefit to the laborer, one reaching to all the services he has rendered, by which the lumber has increased in value.

The plaintiffs also insist, that the taking, by Burns, of a negotiable note was a payment and discharge of his lien claim. If such a construction could have obtained, prior to the Act of 1851, amendatory of the lien-statute, the difficulty has been removed by that Act, which provides that "no such action or lien shall be defeated by reason of the plaintiff's having liquidated the amount due and received a promissory note therefor." That Act being merely amendatory of the Act of 1848, extends back to all liens, given by the original Act.

HOWARD, J. — The logs replevied were attached to secure supposed liens of laborers, accruing under the provisions of the statute of 1848, c. 72. The defendant, as an officer, had seized them on executions in order to perfect the liens. It is agreed that the logs were cut on land of the plaintiffs, and that they are their property, unless the defendant can hold them by virtue of the liens and proceedings mentioned. The provisions of the statute referred to, which are material to this case are, that "any person who shall labor at cutting, hauling or driving logs, masts, spars or other lumber, shall have a lien on all logs and lumber he may aid in cutting, hauling or driving as aforesaid, for the amount stipulated to be paid for his personal services, and actually due." And that any person having a lien may secure it by attachment. § 1 and 2.

Plummer & Chapin labored for Cross, an operator on the plaintiffs' land, as the case finds, in cutting and hauling a portion of the logs, "furnishing a six-horse team, sleds, rigging, &c.; and for their wages, and for the use of the team, sleds, rigging, &c., furnished by them, they recovered judgment against Cross for the sum of $206,40, debt and costs, for which they claim the lien on which the defence in part is placed. The statute authorized a lien for their *personal services* only, which could not include the use of the team or its appropriate appointments. By mingling the claim for which they could have enforced a lien, with that to which no such privilege could attach, and taking judgment for the whole in gross, they must be regarded as having waived the right to any lien. There cannot now be a separation of the claims merged in one judgment, and for no portion of the judgment can a special privilege be successfully asserted.

Cross settled with Burns, the other laborer, for his personal services in cutting and hauling the same logs, by giving him his negotiable note for the amount. On this note Burns recovered judgment, and claims to have secured a lien for the amount, as for personal services, by attachment of the

logs. But the note operated as payment for the services, and defeated the lien.

The Act of 1851, c. 216, was passed after the commencement of this suit, and after the recovery of the judgments, upon which the defendant relies to support the liens in question. It provides that no " such action or lien shall be defeated by reason of the plaintiff's having liquidated the amount due, and received a promissory note therefor, unless it shall have been expressly taken in discharge of the amount due and of said lien." This provision is prospective in its operation. It could not renew a lien which had been discharged before the statute was created, without impairing the obligation of contracts, and infringing rights secured by the constitution.

The defence, therefore, fails upon every ground assumed, and judgment will be entered for the plaintiff, according to the agreement of the parties.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.