## TIMOTHY GAY & CO. v. LEONARD JOHNSON.

Where the priority of different creditors attaching the property of a firm is to be determined by the individual or partnership character of their respective claims, the mere fact that a promissory note is signed by the individuals, who compose the firm, is insufficient to show that it is a partnership debt.

AGREED CASE. This action is brought against the defendant as deputy sheriff, for misapplication of property in his hands.

The case arises from the same transaction and the facts are the same as those in *Tenney & Ballister* v. *Johnson*, 43 N. H. 144, to which reference is made for a statement of this case. Under that decision, Johnson has satisfied the claim of Tenney & Ballister.

Gay & Co. are the next creditors attaching as the property of D. G. Piper & Co.

There remains in the hands of said Johnson a balance after paying Tenney & Ballister, which is more or less, as may be determined by the court upon the following question raised by the defendant:

Among the writs of collection creditors against Piper *alone* and prior to the attachment of Gay & Co., was one in favor of James Richey. This writ is against D. G. Piper alone, and directs the attachment of his property only. The officer returns that he has attached the property from which he has now the proceeds, as the property of said Piper, and not of the firm. The execution on said judgment, issued against Piper alone, and of the misapplication of the property attached upon this execution instead of that of Gay & Co. the plaintiff complains.

The notes upon which the judgment of Richey is founded, are one of $25, signed by Piper alone; another, "We promise to pay the sum of 5,61," &c., signed Dayton G. Piper, Moses B. Clough; another of $100, jointly and severally signed D. G. Piper, Moses B. Clough. Said Piper and Clough were the partners who composed said firm of D. G. Piper & Co.

It is agreed that the questions involved be submitted to the court upon this case, and if it is decided that the execution of Richey should be paid, or any part thereof, prior to that of Gay & Co., the court at the trial term may give judgment to the plaintiff for such balance, if any, as may be chargeable to the officer after such allowance; otherwise judgment shall be rendered for the plaintiff for the amount which may be found in defendant's hands.

*G. C. Williams*, for plaintiff.

*Burns & Fletcher*, for defendant.

BARTLETT, J. It has already been decided, that, upon the facts agreed, the property attached should be first applied on the executions of the partnership creditors. *Tenney* v. *Johnson*, 43 N. H. 144. If the facts had shown that two of the notes of Richey were really partnership debts, yet, as he chose to include in his suit and judgment an individual debt of Piper, it may be doubted if he could, as against the plaintiffs,

who are creditors of the firm, levy his execution upon the partnership property. *Witt* v. *Marsh*, 14 Vt. 303 ; *Miller* v. *Scherder*, 2 Comst. 268 ; *Backman* v. *Crawford*, 3 Humph. 213 ; *Pearsons* v. *Tincker*, 36 Me. 387 ; *Bicknell* v. *Trickey*, 34 Me. 273 ; *McCrillis* v. *Wilson*, 34 Me. 286 ; *Lambard* v. *Pike*, 33 Me. 141 ; *Coburn* v. *Kerswell*, 35 Me. 128. But it is unnecessary to decide this question or to inquire if in this case Richey is not concluded by his election under the circumstances to bring his suit and take his judgment and execution against Piper individually, *Benson* v. *Ela*, 35 N. H. 403, *Maynard* v. *Fellows*, 43 N. H. 257 ; for the mere fact that the signers of two of the notes held by Richey are the individuals who composed the firm of D. G. Piper & Co., is insufficient to show that these notes were partnership debts. *Whitehouse* v. *Hanson*, 42 N. H. 17 ; *Maynard* v. *Fellows*, 43 N. H. 258 ; *Richardson* v. *Huggins*, 23 N. H. 122 ; *Buffum* v. *Seaver*, 16 N. H. 160. According to the provisions of the case, there must be judgment for the plaintiff for the amount in the defendant's hands.