# THE WILLIAMS & CLARK FERTILIZER CO.

v.

# L. F. RUDD.

MAY TERM, 1896.

*Certified execution cannot issue as to part of judgment. Remittitur.*

1.  In an action founded on contract a close-jail execution cannot be granted as to part of the judgment, when the plaintiff is not entitled to such execution as to the whole; as where part of the judgment is for money held in a fiduciary capacity and the rest for breach of contract.

2.  The only exception of the defendant being to the granting of a certificate, the plaintiff cannot remit in supreme court that portion of the judgment as to which a certificate could not be granted.

Book account. Heard upon the report of an auditor at the December term, Bennington county, MUNSON, J., presiding. Judgment for the plaintiff on the report. The court granted a certified execution as to so much of the judgment as was for money held in a fiduciary capacity. To this the defendant excepted.

*W. B. Sheldon* for the plaintiff.

The judgment is a unit and cannot be split up by applying one remedy to one part and another to another. *Victor Sewing Machine Co.* v. *Weeks*, 49 Vt. 342; *Kidder* v.

*Sowles & Kinsman*, 44 Vt. 308; *Hall* v. *Peck*, 10 Vt. 474; *Sherwood* v. *Pierce*, 50 N. Y. 378; *How* v. *Frear*, 13 Abb. N. Y. 241.

Execution cannot issue against the body as to part. *Witt* v. *Marsh*, 14 Vt. 305; *Cleft* v. *Hosford*, 12 Vt. 296.

*C. H. Darling* for the plaintiff.

The cause of action was entire and the plaintiff could not divide his case. The statute gives him a remedy against the body as to the money held in a fiduciary capacity, and there is no other way than that adopted by the court in which that right could be enforced. *Bullard* v. *Thorpe et als.*, 66 Vt. 599; *Langdon* v. *Bowen*, 46 Vt. 512; *Stiles* v. *Shanks*, 46 Vt. 612; *Cleft* v. *Horsford*, 12 Vt. 296.

If the present action of the county court is not correct the plaintiff asks leave to enter a remittitur. *Langdon* v. *Bowen*, 46 Vt. 612; *Tarbell* v. *Tarbell*, 60 Vt. 486.

START, J. The action is book account. The writ issued as an attachment. The court rendered judgment for the plaintiff to recover three hundred eighty-five dollars and forty-one cents; and adjudged, that, as to two hundred ninety-six dollars and thirty-five cents of this sum, the cause of action arose from the wilful and malicious act or neglect of the defendant; and ordered that execution on the judgment be certified accordingly. The defendant excepted to the judgment of the court, granting a certified execution.

V. S., s. 1726, provides that no person who is a resident of the United States shall be arrested or imprisoned on mesne process issuing on a contract, express or implied, nor on an execution issued on a judgment recovered in an action founded on such contract, except as hereinafter provided. V. S., s. 1734, provides, that, if the plaintiff praying out a writ files with the authority issuing the same an affidavit stating that the defendant is the receiver of money of the

plaintiff in a fiduciary capacity, which he has not paid on demand, and that such action is instituted to recover the same, such writ may issue against, and be served upon the body of the defendant. This section also provides, that, when judgment is rendered in an action for money received by the defendant in a fiduciary capacity, and the court, at the time of its rendition, so adjudges, execution may issue and be served upon the body of the defendant. V. S., s. 1752, provides, that, in an action for the recovery of money or property held in trust or in a fiduciary capacity, if it appears to the court that a defendant intentionally converted said money or other property to his use, or diverted or misapplied the same or the use thereof, it shall adjudge that the cause of action arose from the wilful or malicious act or neglect of such defendant, and that he ought to be confined in close jail; and the court shall issue execution against his body, with a certificate thereof stated in or upon such execution, and such execution with such statement or indorsement, shall have the same effect as an execution issued on a judgment founded upon tort, with a like statement or indorsement.

It appears from the auditor's report, that the plaintiff delivered fertilizer to the defendant, pursuant to a written contract, by which the fertilizer and proceeds from sales of the same were to remain the property of the plaintiff, the defendant guaranteeing all sales. The judgment was for goods sold by the defendant under this contract, for which he had not received payment, and for money collected and appropriated to his own use. The court granted a certified execution for so much of the judgment as was for money collected and not paid over as the contract provides. If there is any authority for rendering a judgment in an action founded on contract, enforceable in part against the debtor's property, and in part against his body, it must be found in the statutes above referred to. We think such authority is

not conferred, and that the court erred in granting a certified execution.

A part of the judgment was not for fiduciary debt, but was for a liability incurred when the defendant contracted to guarantee all sales. A judgment founded in part upon the defendant's contract of guaranty, could not be enforced against his body, nor could an execution on such a judgment lawfully issue against the body. V. S., s. 1726, expressly prohibits the arrest and imprisonment of a debtor on an execution issued upon a judgment founded upon a contract, express or implied, except as is thereafter provided. The statute nowhere provides for the arrest and imprisonment of a debtor upon an execution issued on such a judgment as was recovered in the court below. V. S., s. 1734, provides for the issuing of a writ against the body of the defendant after the filing of an affidavit, when he has received money of the plaintiff in a fiduciary capacity, which he has not paid over on demand; and, when judgment is rendered for such money, the court may adjudge that the defendant is a receiver of money in a fiduciary capacity and issue execution against the body of the debtor. But the court has no authority to thus adjudge and award a body execution, unless the entire judgment is for money thus received and held. If the judgment is founded in part upon a contract for a breach of which the debtor is not subject to arrest and imprisonment, the court cannot adjudge that the cause of action upon which the judgment is founded is for money received and held in a fiduciary capacity, and a judgment that a part of the cause of action is such is of no avail. There can be but one judgment in such a case; and the judgment must extend to all causes of action for which judgment is rendered, and affect all the causes of action alike. The remedy after judgment, for each cause of action on which the judgment was founded, was the same; and the court could not award a distinct remedy for the respective

causes of action.   When judgment was rendered, the several
causes of action were merged in the judgment.   The judg-
ment was an entirety; but one execution could issue, and
that against the property of the debtor.   Execution could not
issue against the body of the debtor, because the judgment
was in part founded on a contract which does not come
within the exception provided by the statute, exempting
debtors from arrest and imprisonment.

The plaintiff was not entitled to a certified execution as to
a part of its judgment under V. S., s. 1752.   As we have
seen, this section provides only for a body execution in ac-
tions for the recovery of money or property held in trust, or
in a fiduciary capacity; and, in its application to this case,
it does not admit of a construction different from that given
to s. 1734.   When the plaintiff blended its fiduciary
debt and the defendant's liability under his contract of guar-
antee in one judgment, it lost its right to have execution
against the body of the defendant; and a certificate on a
property execution would be irregular and of no avail.   A
debtor cannot be imprisoned on an execution which does not
run against his body, although it has endorsed thereon a
certificate as to a part of the judgment.

In *Witt* v. *Marsh et al.*, 14 Vt. 303, the judgment was
founded in part upon a cause of action accruing before Jan-
uary 1, 1839, when a creditor was entitled to an execution
against the body of a debtor, and in part upon a cause of
action accruing after that date, when a creditor was not en-
titled to an execution against the body of the debtor; and
it was held that the plaintiff could have only such an execu-
tion as the law gave for the collection of the demand that ac-
crued after the act of 1839.

We think the error in granting a certified execution can-
not be cured by the plaintiff's remitting a sum equal to the
sum that entered into the judgment by reason of the de-
fendant's contract of guaranty.   The plaintiff is not entitled

to have the judgment reversed and the cause remanded, to enable it to try the case over and obtain a different judgment. The plaintiff was entitled to recover in respect to the defendant's liability on his contract of guaranty. No objection being made, this liability is now properly merged in the judgment and permeates every part of it. The only exception taken was to the granting of a certified execution for the enforcement of a judgment, founded in part upon the defendant's contract of guaranty; and no other question is properly before us. We have nothing to do with the amount of the recovery in the court below. Both parties were content with the judgment of that court, so far as it related to the amount recovered. There is no error in this that calls for a remittitur or a reversal. The error complained of, and the only question which was passed to this court for its consideration, relates solely to the execution awarded for the enforcement of the judgment. The plaintiff having elected to blend its fiduciary debt in a judgment founded in part on the defendant's contract of guaranty, the certificate, when granted, was without authority of law. The error was not in the judgment, but in awarding a wrong execution for its enforcement. The duty of this court is limited to correcting this error and awarding a proper execution. The plaintiff having elected to blend its several causes of action in one judgment, it must now be content with a property execution for their enforcement.

*The judgment granting a certified execution is reversed, and the certificate vacated. In other respects, the judgment is affirmed.*

Taft, J., being engaged in county court, did not sit.