(111 N. W. 614.)

---

CHARLES A. WOODWARD v. NORTHERN PACIFIC RAILWAY CO.

Opinion filed February 20, 1907. Rehearing denied April 26, 1907.

**Action — Assignment of Cause of Action — Pleading — Evidence.**

　　1. The complaint charged defendant with negligence in causing a fire to be started, which spread, causing injury to certain premises claimed to be owned by plaintiff. At the trial plaintiff sought to show an assignment by one M. to him of a cause of action against defendant of a similar nature. *Held*, that such proof was properly rejected, as it in no way tended to support the allegations of the complaint.

**Amendment — Pleading New Cause of Action.**

2. Plaintiff at the trial asked leave to amend his complaint by setting up a cause of action accruing to M., and alleging an assignment thereof to him prior to the commencement of the action. This amendment would entirely change the cause of action, and hence was properly refused. Such proposed amendment was also inconsistent with the proof already introduced by plaintiff, which showed that such assignment was not made until after the action was commenced, and should for that reason have been denied.

**Failure of Proof — Nonsuit.**

3. Plaintiff was properly nonsuited for failure to prove the allegations of the complaint; it appearing that one M., and not plaintiff, was the owner of the property alleged to have been damaged by the fire in question.

Appeal from District Court, Morton County; *Winchester, J.*

Action by Charles A. Woodward against the Northern Pacific Railway Company. Judgment for defendant and plaintiff appeals.

Affirmed.

*W. H. Stutsman,* for appellant.

Allegation of ownership in fee simple is a good statement of fact. Bliss Code Pl. 210; Maxw. Code Pl., p. 139; Ensign v. Sherman, 14 How. Pr. 439; Rough v. Simmons, 3 Pac. 804; Gage v. Kaufman, 10 Sup. Ct. Rep. 406; Donovan v. St. Anthony Elevator Co., 7 N. D. 513, 75 N. W. 809.

An action should not be dismissed for irregularity of practice which could be remedied by amendment without prejudice. Morgridge v. Stoeffer, 14 N. D. 430, 104 N. W. 1112.

*Ball, Watson & Young,* for respondent.

Purchaser of land on contract is the equitable owner and must bear all losses, whether at law or in equity. 29 Am. & Eng. Enc. of Law. 713.

Where one cause of action requires the allegation of an assignment thereof, and another does not, an amendment substituting one for the other is not generally allowed. Barron v. Walker, 7 S. E. 272; Rapier v. Gulf, etc., Co., 69 Ala. 476; Hart v. Henderson, 66 Ga. 568; Norris v. Pollard, 75 Ga. 358; McIlhenny v. Binz, 13 S. W. 655.

A pleading must proceed to the end upon the theory upon which it is constructed. 21 Enc. Pl. & Pr., 6449; Toledo S. L. & K. C. R. R. v. Levy, 26 N. E. 773; Mescall v. Tully, 91 Ind. 99.

Plaintiff, not being the owner of the alleged cause of action, when suit was begun, was properly non-suited. 16 Enc. Pl. & Pr. 873; Hovey v. Sebring, 24 Mich. 232; McDowell v. Morgan, 33 Mo. 555; Hollingsworth v. Flint, 101 U. S. 591, 25 L. Ed. 1028; Dean v. Metropolitan Elevated R. Co., 119 N. Y. 540, 23 N. E. 1054.

Fisk, J.   This action was commenced in June, 1905, in the district court of Morton county to recover damages alleged to have been sustained by plaintiff through defendant's alleged negligence in causing a prairie fire on May 7, 1903, which spread to certain premises alleged to belong to plaintiff. From a judgment dismissing the action with costs to defendant, plaintiff appealed.

The record discloses that in September preceding the fire plaintiff entered into a contract with one McCollum, under which the real property alleged to have been damaged by the fire was sold to him; plaintiff agreeing thereby to convey title to the said McCollum upon final payment of the purchase price. In March, 1905, plaintiff secured a judgment in the district court of Morton county against the said McCollum for specific performance of this contract, and this judgment was recently affirmed by this court. See Woodward v. McCollum (decided at this term) 111 N. W. 623. After the commencement of this action, and in July, 1905, plaintiff procured from McCollum a written assignment of his claim against defendant railway company for the alleged damages to this land caused by the fire in question. At the trial plaintiff sought to introduce this assignment in evidence, but the court sustained defendant's objection thereto, and this ruling constitutes appellant's first assignment of error. This ruling was clearly correct. The proof offered tended in no manner to prove the allegations of the complaint. The complaint was not framed upon the theory that plaintiff was the assignee of a cause of action which had accrued to McCollum. If plaintiff wished to recover upon a cause of action which had accrued to McCollum and which had been assigned to him, he should have pleaded such facts in his complaint.

Appellant's second assignment of error is equally untenable. After the court made the ruling above mentioned, appellant asked leave to amend his complaint by substituting in lieu of lines 2, 3, 4 and 5, on the first page thereof, the following: "That he is now, and for

the space of three years last past has been, the owner in fee of the following described real estate, situate in the county of Morton and state of North Dakota, to wit: Section 33 in township 140 N., of range 84 W., of the fifth principal meridian; that he is the owner of the cause of action hereinafter set out by reason of such owner ship, and also for the following reasons, to wit: That some time during the year 1902, and about the 9th day of September of said year, he contracted to sell said land to one Emmett S. McCollum, and on the 24th day of March, 1905, he secured a judgment against said McCollum in the district court of Morton county and state of North Dakota, requiring said McCollum to take said land and to pay for it, and that thereafter, and about the 1st day of June, 1905, by a stipulation of the attorneys in said last mentioned action, the said Emmett S. McCollum assigned to this said plaintiff all his right, title and interest to the cause of action above referred to, and an instrument duly executed by him in the words and figures following, to wit: 'Assignment. For value received, I hereby assign and set over to Charles A. Woodward, of Mandan, N. D., all my right and interest in and to that certain right of action against the Northern Pacific Railway Company for damages by reason of a prairie fire which was caused by the said railway company in the spring of 1903 and inflicted injury upon section 33, township 140 north, range 84 west, in Morton county, N. D., E. S. McCollum.' And plaintiff further says that as a part of said stipulation the said McCollum agreed to quitclaim to Charles A. Woodward all his right, title and interest in and to said described land to the said plaintiff." This proposed amendment was properly denied for two reasons: First, it attempts to set up a cause of action entirely distinct from that originally pleaded. A cause of action which accrued to Mc-Collum and which has been assigned to plaintiff was entirely distinct from a cause of action originally accruing to plaintiff. In the former case an allegation of an assignment thereof to plaintiff prior to the commencement of the action would be essential. Such an amendment is not permissible. Barron v. Walker, 80 Ga. 121, 7 S. E. 272; Rapier v. Gulf, etc., Co., 69 Ala. 476; Hart v. Henderson, 66 Ga. 568; Norris v. Pollard, 75 Ga. 358; McIlhenny v. Binz, 13 S. W. 655, 80 Tex. 1, 26 Am. St. Rep. 705. Second, the proposed amendment was inconsistent with the proof already introduced, which proof showed that the assignment was executed and delivered after June 15th, the date of the commencement of the action. The witness

Nuchols testified that this assignment was received from McCollum's attorney some time early in July, 1905, whereas the proposed amendment alleged the date about the 1st day of June of that year.

We think the third and last assignment of error is without merit. It is predicated upon the ruling of the trial court in granting defendant's motion made at the close of plaintiff's testimony to dismiss the action. The plaintiff had wholly failed to prove any cause of action. If any cause of action existed at the time this action was commenced, on account of the defendant's alleged negligence, such cause of action was in plaintiff's grantee, McCollum. See Woodward v. McCollum, supra. Such being the facts, plaintiff was properly nonsuited. 16 Enc. Pl. & Pr. 873; Dean v. Railway Company, 119 N. Y. 540, 23 N. E. 1054; Hovey v. Sebring, 24 Mich. 232, 9 Am. Rep. 122; McDowell v. Morgan, 33 Mo. 555; Hollingsworth v. Flint, 101 U. S. 591, 25 L. Ed. 1028.

The judgment of the district court is affirmed. All concur.