### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT

#### OF

# NORTH · DAKOTA

---

### O. S. LEE v. IMPERIAL ELEVATOR COMPANY, a
### Corporation.

(157 N. W. 688.)

**Trial court — nonsuit — reinstatement of case — discretion — action — dismissal of — relief.**

Under the evidence in this case it is *held* that the trial court did not abuse his discretion in relieving the plaintiff from a nonsuit.

Opinion filed March 6, 1916. Rehearing denied April 26, 1916.

Appeal from the District Court of Nelson County, *Cooley,* J.
Affirmed.

*H. A. Libby,* for appellant.

Where an action set for trial for a day certain, in the district court, and counsel for both parties timely notified, and this at a general term of said court, is dismissed by plaintiff's attorney of record, without prejudice for failure of plaintiff to appear when the case is called for trial, defendant's counsel and witnesses being in court, and ready for trial, and the court so dismisses, and enters in his trial docket a record

34 N. D.—1.

of such fact, such dismissal operates to discontinue the case, put an end
to it, and the trial court has no jurisdiction to reinstate the case there-
after upon request of plaintiff in person, or through other new counsel.
The act of his attorney of record is binding upon him.    Weeks, Attor-
neys, 2d ed. pp. 406, 415, 443, 444; Bradish v. Gee, 1 Ambl. 229, 1
Ld. Kenyon, 73; Gifford v. Thorn, 9 N. J. Eq. 722; Jones v. William-
son, 5 Coldw. 371; Wynn v. Wilson, Hempst. 698, Fed. Cas. No. 18,-
116; Chester v. Apperson, 4 Heisk. 639; Shricker v. Field, 9 Iowa,
366; Winchester v. Grosvenor, 48 Ill. 517; Lewis v. Sumner, 13 Met.
269; Smith v. Bossard, 2 M'Cord, Eq. 406; Lawson v. Bettison, 12
Ark. 401; African Methodist Bethel Church v. Carmack, 2 Md. Ch.
143; Greenlee v. McDowell, 39 N. C. (4 Ired. Eq.) 481; Chambers
v. Hodges, 23 Tex. 104; Sampson v. Ohleyer, 22 Cal. 200; Russell v.
Lane, 1 Barb. 519; Wieland v. White, 109 Mass. 392; Moulton v.
Bowker, 115 Mass. 36, 15 Am. Rep. 72; Jenney v. Delesdernier, 20
Me. 183; Rogers v. Greenwood, 14 Minn. 333, Gil. 256; McLeran v.
McNamara, 55 Cal. 508; 1 Co. Litt. 52; Gray v. Gray, 2 Rolle Rep.
62; Coxe v. Nicholls, 2 Yeates, 546.

The order of the trial court so made cannot be revoked by the client.
Weeks, Attorneys, pp. 446, 449; Brooks v. Cavanaugh, 11 La. Ann.
183; Weisse v. New Orleans, 10 La. Ann. 46; Williamson-Stewart
Paper Co. v. Bosbyshell, 14 Mo. App. 534; Thornton v. Tuttle, 20
Abb. N. C. 308; Harry v. Hilton, 11 Abb. N. C. 448, 64 How. Pr.
199; Bonynge v. Field, 81 N. Y. 159; Faviell v. Eastern Counties R.
Co. 2 Exch. 344, 6 Dowl. & L. 54, 17 L. J. Exch. N. S. 297; Fake v.
Smith, 7 Abb. Pr. N. S. 108, 2 Abb. App. Dec. 76; Tiffany v. Lord,
40 How. Pr. 481; Hoffenberth v. Muller, 12 Abb. Pr. N. S. 222;
Shaw v. Kidder, 2 How. Pr. 244; Barrett v. Third Ave. R. Co. 45 N.
Y. 628; Gaillard v. Smart, 6 Cow. 385; People v. New York, 11 Abb.
Pr. 66; Bates v. Voorhees, 20 N. Y. 525; Lockwood v. Black Hawk
Co. 34 Iowa, 225.

An attorney of record has power to discontinue a suit, and his act
is binding on his client.    Weeks, Attorneys, p. 447; Gaillard v. Smart,
6 Cow. 385; Davis v. Hall, 90 Mo. 659, 3 S. W. 382.

A plaintiff in a legal proceeding is entitled to control the disposition
of his cause, where there is no counterclaim, or affirmative relief de-
manded by defendant.    Nunn v. Givhan, 45 Ala. 370; Fowler v.

Lawson, 15 Ark. 149; Holcomb v. Holcomb, 23 Fed. 781; numerous cases cited on pp. 833–835, Vol. 6 Enc. Pl. & Pr., Mohler v. Wiltberger, 74 Ill. 164; Northwestern Mut. L. Ins. Co. v. Barbour, 95 Ky. 8, 23 S. W. 584.

At any time prior to final judgment or decree, a plaintiff may generally voluntarily dismiss his suit. 6 Enc. Pl. & Pr. pp. 836, 838; Washburn v. Allen, 77 Me. 344; Carrington v. Holly, 1 Dick. 280; Bettis v. Schreiber, 31 Minn. 329, 17 N. W. 863.

And the attorney of record may dismiss without special authority to do so. 6 Enc. Pl. & Pr. pp. 829, 855, 866; Crain v. Hilligrass, 21 Ind. 210; McLeran v. McNamara, 55 Cal. 508; Simpson v. Brown, 1 Wash. Terr. 247; Hunt v. Griffin, 49 Miss. 742; Corbin v. Cedar Rapids, I. F. & N. W. R. Co. 66 Iowa, 74, 23 N. W. 270; Mississippi C. R. Co. v. Beatty, 35 Miss. 668.

Such right exists in the attorney even though the court would expressly deny his application to dismiss. Noble v. Strachan, 32 Wis. 314; Bertschy v. McLeod, 32 Wis. 205.

The entry of the order dismissing, made in the docket by the trial judge, is a sufficient order or record. 6 Enc. Pl. & Pr. pp. 874, 885; Snell v. Dwight, 121 Mass. 348; Winslow v. Otis, 5 Gray, 360; Taft v. Northern Transp. Co. 56 N. H. 417; Dunham v. Carson, 37 S. C. 269, 15 S. E. 960.

Such act amounts to a withdrawal from the court. St. John's Lodge v. Callender, 26 N. C. (4 Ired. L.) 342; Juneau County v. Hooker, 67 Wis. 322, 30 N. W. 357; Peterson v. State, 45 Wis. 535; Schenck v. Fancher, 14 How. Pr. 95.

It is an abandonment of the cause by plaintiff, and carries him out of court and ends the action. 6 Enc. Pl. & Pr. p. 909; Holmes v. Chicago & A. R. Co. 94 Ill. 443; Pacific R. Co. v. Franklin County Ct. 55 Mo. 162; Keator v. Glaspie, 44 Minn. 448, 47 N. W. 52; Delano v. Bennett, 61 Ill. 83; Clark v. Dekker, 43 Kan. 692, 23 Pac. 956.

Such entry by the court is wholly sufficient, even though no formal judgment or dismissal is entered, and puts an end to the case up to that time. 6 Enc. Pl. & Pr. pp. 979, 983, 987, 997, 1002, 1003, and numerous cases; Harris v. Hines, 59 Ga. 427; Brooks v. Cutler, 18 Iowa, 433; Elston v. Drake, 5 Blackf. 540; Ringgold v. Emory, 1

Md. 348; Cartmell v. McClaren, 12 Heisk. 41; Loeb v. Willis, 100 N. Y. 235, 3 N. E. 177; Tootle v. Cahn, 52 Kan. 73, 34 Pac. 401; Heegaard v. Dakota Loan & T. Co. 3 S. D. 569, 54 N. W. 656; Koons v. Williamson, 90 Ind. 599; Wilde v. Hart, 24 Ark. 599; Kain v. Byrd, 1 Stew. (Ala.) 189; Dunkle v. Rotholz — N. J. L. —, 19 Atl. 260; besides numerous other cases cited from Colorado, Georgia, Illinois, Indiana, Kentucky, Louisiana, Mississippi, Missouri, New York, Ohio, Tennessee and Texas; Evans v. Phillips, 4 Wheat. 73, 4 L. ed. 516; Corsor v. Reed, 21 L. J. Q. B. N. S. 18.

"A complaint once dismissed so far terminates the action that no motion or proceeding can be had in the case, except for the purpose of carrying into effect the order of dismissal." 9 Am. & Eng. Enc. Law, 2d ed. p. 505; Tillspaugh v. Dick, 8 How. Pr. 33; 2 Wait, Pr. p. 517; Greeley v. Winsor, 3 S. D. 138, 52 N. W. 674.

*A. V. A. Peterson* (*Frich & Kelly* and *S. G. Skulason* of counsel) for respondent.

"A motion to set aside a nonsuit or judgment for dismissal, and to reinstate the case, being in the nature of a motion for reconsideration, is addressed to and rests in the discretion of the court before whom the case was heard and by whom the action was dismissed, and such discretion will not be disturbed or controlled unless there is manifest abuse." 14 Cyc. 460.

"A dismissal or nonsuit will often be set aside where a suit is meritorious and it appears that plaintiff was not culpably negligent and no injury results to the defendant." 14 Cyc. 461; Bradley v. Slater, 55 Neb. 334, 75 N. W. 826.

After reinstatement of case for trial, and after defendant's special appearance and objections, which were overruled by the court, the defendant waived its special appearance and same was converted into a general appearance, by its appeal to this court, where it seeks affirmative relief. Miner v. Francis, 3 N. D. 549, 58 N. W. 343; Lyons v. Miller, 2 N. D. 1, 48 N. W. 514; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605.

And the verdict here is amply sustained by the evidence, and the jury having passed upon same, its verdict is final. Nilson v. Horton, 19 N. D. 187, 123 N. W. 397, and citations.

BURKE, J.   The facts leading up to this appeal are as follows: Plaintiff had brought suit against the elevator company to recover for the conversion of some grain hauled to the defendant's elevator by a tenant.   This action and one against the St. Anthony & Dakota Elevator Company were set for trial in the district court at Lakota upon a date certain.   Plaintiff was a resident of Glendive, Montana, but happened to be away from home when his attorney wired him this information. Plaintiff's wife, receiving the telegram, called plaintiff on the phone and notified him of its contents.   He thereupon wired his attorney in care of the clerk of the district court of Lakota, and took a train for that place.   The train upon which he was traveling was due to reach Lakota upon the morning of said day.   The telegram, however, through the carelessness of the operator at Lakota, was not delivered for several days after it was received, and not until plaintiff had personally arrived.   When the case was called for trial, therefore, neither the judge nor the attorneys had any knowledge of the whereabouts of plaintiff. Defendant was there ready with his witnesses for trial.   The trial judge called plaintiff's attorney upon the telephone and asked him what he was going to do.   The attorney replied that he had not yet received an answer to his telegram, and did not know the location of his client; that he did not know what he could do with the case, and that the only thing that could be done under the circumstances would be to dismiss both cases.   That thereupon the judge made an oral order that the cases be dismissed without prejudice.   That at 11:05 A. M. of that day the plaintiff arrived upon the train and advised the court of all the circumstances, including the nondelivery of the telegram, and thereupon the court reinstated the cases for trial, ordering the plaintiff to pay $25 in each case to reimburse the defendant for the delay.   The cases then proceeded to trial and resulted in judgment in favor of the plaintiff.   Defendant appeals, claiming that the court upon the oral order of dismissal had lost jurisdiction of the cases.

(1) We think it clear that the court had jurisdiction to change his rule and reinstate the cases under the circumstances outlined above. Plaintiff himself had done nothing to secure the dismissal, neither had his attorney, excepting to state that he did not believe he was in a position to go to trial and could do nothing else than to submit to the nonsuit.   Neither plaintiff nor his attorney were in the least to blame, and

the application was made within an hour from the time when the court had ordered the cases dismissed. The rule is correctly stated at 14 Cyc. at page 460: "Discretion of court.—A motion to set aside a nonsuit or judgment of dismissal, and reinstate the case, being usually considered as in the nature of a motion for reconsideration, is addressed to, and rests in, the discretion of the court before whom the case was heard and by whom it was dismissed or the nonsuit granted, and such discretion will not be controlled unless manifestly abused. . . . Time for setting aside and reinstatement.—It is competent for a court to reinstate a case during the same term at which it was dismissed." At page 461 it is said: "A dismissal or nonsuit will often be set aside where a suit is meritorious and it appears that plaintiff was not culpably negligent, and no injury results to defendant, and it will not require so strong a ground to set aside a nonsuit as to grant a new trial. Thus, a case may be reinstated where there has been surprise, improvident consent to dismissal by attorney, or failure to give bond for costs through ignorance that it would be required." The cases cited fully bear out the text. Our own court in Colean Mfg. Co. v. Feckler, 16. N. D. 227, 112 N. W. 993, while not directly passing upon this point, strongly intimated that the trial court is vested with broad jurisdiction in relieving parties from defaults taken against them through inadvertence. They say, after setting out the facts upon which they acted: "In the light of the verdict it is too clear for discussion that the trial judge properly granted plaintiff's motion to vacate said default judgment." It is clear to us that the trial court in the case at bar acted within its jurisdiction.

On Petition for Rehearing, filed April 26, 1916.

PER CURIAM. Counsel for appellant has filed a petition for rehearing, which is entitled to brief notice. His major premise to the effect that plaintiff's attorney voluntarily dismissed the actions is, as we view it, unsound. It is in effect so stated in our opinion. Our reason for deeming it unsound is briefly that appellant's construction of what took place is unwarranted. A fair construction of the record discloses that plaintiff's attorney in effect merely informed Judge Cooley in their long distance 'phone conversation that under the circumstances there was nothing for him or his client to do but to submit to a dismissal. Why

should he be held under the facts to have voluntarily moved for a dismissal rather than merely submitting to what he deemed the inevitable, to wit, a dismissal by the court on its own motion for failure of plaintiff to appear and prosecute his case? Plaintiff's counsel had absolutely nothing to gain, and possibly something to lose, by putting his client in the situation of voluntarily dismissing the actions, rather than submitting to a dismissal by the court for nonappearance. But, even if counsel for plaintiff had been personally present in court and had formally moved to dismiss the actions, the result would be the same; for concededly no order or judgment had been entered on such motion, and no record made other than in the minutes of the court, and manifestly, therefore, the court still retained jurisdiction to deal with the situation as it did. It would be nothing less than a travesty on justice to hold that under the conceded facts in this record, the trial court was shorn of all power and jurisdiction to do justice between these parties by reinstating the actions for trial upon terms. The petition is denied.