# BRIDGET A. HART v. FIRST STATE BANK OF MOTT, a Corporation.

### (163 N. W. 530.)

**Bill of sale — mortgage — assignment of — consideration — signature — obtaining — deception — fraud.**

In this case it appears that, under a bill of sale and a pretended assignment of a mortgage, defendant took and sold two horses on which the plaintiff had a valid mortgage lien for $754. The bill of sale was made without any consideration, and the alleged assignment is a mere nullity. The signature to the assignment was obtained by smoothness and deception, and without any consideration. Hence, in taking and selling the horses the bank was a mere wrongdoer.

Opinion filed May 8, 1917.

Appeal from District Court of Hettinger County, Honorable *W. C. Crawford,* Judge.

Defendant appeals.

Affirmed.

*B. W. Shaw,* for appellant.

Chattel mortgages must be renewed within three years from time of filing or cease to be valid as against purchasers and encumbrancers in good faith. Comp. Laws 1913, § 6762.

To be a purchaser or encumbrancer in good faith, entitled to the protection of the statute, one must have made the purchase or taken the security after the expiration of the period allowed in which to refile. First State Bank v. King, 37 Okla. 744, 47 L.R.A.(N.S.) 668, 133 Pac. 30.

Where the mortgagee authorizes and consents to the sale of the mortgaged property, he thereby waives the lien of the mortgage and cannot thereafter recover the property or its value from the purchaser. New England Mortg. Secur. Co. v. Great Western Elevator Co. 6 N. D. 407, 71 N. W. 130; Peterson v. St. Anthony & D. Elevator Co. 9 N. D. 55, 81 Am. St. Rep. 528, 81 N. W. 59; Carr v. Brawley, 43 L.R.A. (N.S.) 302, and note, 34 Okla. 500, 125 Pac. 1131; Cortelyou v. Jones, 6 Cal. Unrep. 475, 61 Pac. 918.

Conversion takes place at the time of demand and refusal to deliver

the property, and the recoverable damages is the value of the property at time of demand.    Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608; Citizens Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 339, 131 N. W. 266.

Where a motion is made by defendant at the close of the trial for a directed verdict, and the court orders the action dismissed, the parties have had a trial *on the merits*.    23 Cyc. 1215; Kain v. Garnaas, 27 N. D. 297, 145 N. W. 825.

*Jacobsen & Murray,* for respondent.

The verdict upon trial is not attacked.    Therefore, appellant's ground for reversal is limited to the errors committed by the trial court, as set out in his assignments.    Swallow v. First State Bank, 35 N. D. 608, 161 N. W. 207; Guild v. More, 32 N. D. 475, 155 N. W. 44.

Where a litigant moves for a directed verdict, he must stand or fall upon the grounds only as set out therefor.    Kolka v. Jones, 6 N. D. 461, 66 Am. St. Rep. 615, 71 N. W. 558; Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747; Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 799; Minder & J. Land Co. v. Brustuen, 31 S. D. 211, 140 N. W. 251; Yeager v. South Dakota C. R. Co. 31 S. D. 304, 140 N. W. 690; Davis v. C. & J. Michel Brewing Co. 31 S. D. 284, 140 N. W. 694.

The motion for a directed verdict must set out in particular wherein the evidence fails to make out a cause of action, and a *general* motion is a nullity.    McLain v. Nurnberg, 16 N. D. 145, 112 N. W. 243; Drake v. Great Northern R. Co. 24 S. D. 19, 123 N. W. 82; Anthony v. Jillson, 83 Cal. 296, 23 Pac. 419, 16 Mor. Min. Rep. 26; Cummings v. Ross, 90 Cal. 68, 27 Pac. 62; Dawson v. Schloss, 93 Cal. 194, 29 Pac. 31; Menk v. Home Ins. Co. 76 Cal. 50, 9 Am. St. Rep. 158, 14 Pac. 837, 18 Pac. 117; Updegraff v. Tucker, 24 N. D. 171, 139 N. W. 366; Taylor v. Bell, 128 Cal. 306, 60 Pac. 853; Haight v. Tryon, 112 Cal. 4, 60 Pac. 318; Jackson v. Ellertson, 15 N. D. 533, 108 N. W. 241; King v. Lincoln, 26 Mont. 157, 66 Pac. 836.

The assignment of a debt secured by a mortgage carried with it the security.    Comp. Stat. 1913, §§ 6733, 6886, 6915.

Delivery of the instrument, either actual or constructive, forms part of the contract of indorsement as well as of the transfer by assignment.    7 Cyc. 814, 815.

In order to constitute one a bona fide purchaser and entitled to protection as such, he must have purchased in good faith, without notice, and for a valuable consideration. Cass v. Gunnison, 58 Mich. 108, 25 N. W. 52; 35 Cyc. 345, note 1.

A wrongful sale of goods whereby a person who has a part interest therein, or a lien thereon, is deprived of the same, is a conversion whether the wrongdoer be an owner of another part, or a lien holder, or a stranger to the property. 38 Cyc. 2028; More v. Burger, 15 N. D. 345, 107 N. W. 200.

The verdict was not challenged in the lower court. It cannot be challenged here. Swallow v. First State Bank, and Guild v. More, supra; Kain v. Garnaas, 27 N. D. 297, 145 N. W. 825.

There is only one way an adjudication of the merits can be had, and that is by a verdict of a jury or by direction of the court, or without direction of the court. The dismissal of the former action amounts merely to a nonsuit. 14 Cyc. 401, 403, 405, 425; 23 Cyc. 1136; Comp. Laws 1913, § 7597, subd. 2.

ROBINSON, J. In this case the bank appeals from a judgment against it for the conversion of two horses on which the plaintiff had a chattel mortgage. There was no motion for a new trial and no showing that the evidence was insufficient to sustain the verdict. The bank admitted the taking and sale of the horses, and claimed the right to do so under a bill of sale by the owner and an alleged assignment of a mortgage. It appears that on June 22, 1909, J. C. Filler and Cora Filler made to the plaintiff two promissory notes,—one for $354 and one for $400,—and to secure the same they made to the plaintiff a mortgage on the horses in question, with another team of black horses and some crops. The mortgage was duly filed and was given for money loaned, and it has not been paid. The alleged assignment is on a blank printed form, and a paper about the size of a blank promissory note. It is as follows:

For value received, I hereby assign, transfer, and set over unto First State Bank, Mott, North Dakota, that certain chattel mortgage, dated on the 22d day of June A. D. 1909, together with the notes secured thereby, made by J. C. Filler and Cora B. Filler as mortgagor, to Bridget

A. Hart as mortgagee, which has been filed in the office of the register of deeds of the county of Hettinger, State of North Dakota, on the 29th day of June A. D. 1909, being No. 3194 of the chattel mortgages of said county.

In witness whereof, I have hereunto set my hand this 12th day of August, A. D. 1911.

> In presence of ⎱
>    J. J. Grest ⎰               Bridget A. Hart.
>    F. G. Orr ⎰

The promissory notes secured by the mortgage were not delivered to the bank. The plaintiff testified that she never agreed to make any such assignment and she never knowingly put her signature to it. That in May, 1911, she was in the bank and signed some papers giving the bank a lien for seed wheat. That she talked about the security, the money, and seed lien. She did not read the papers. She thought they would be as they had stated. I talked with Orr, the cashier and manager of the bank, he laid out the papers and showed us where to sign. He said, sign here, and she signed. He called on Mrs. Filler to sign first and then Bridget Hart signed, and then J. C. Filler signed. She says there were quite a good many papers. One was a copy of another. The plaintiff's counsel vainly tried to show the conversations regarding the papers and the whole transaction, and it was objected to and erroneously ruled out. To the question: Was there anything said about the assignment of a mortgage, and objection was made and the objection sustained. And so by the fault of the counsel for defendant the plaintiff was not permitted to show the matter as fully as she might have done.

In regard to the bill of sale the evidence is that it was without any consideration and it was made for the purpose of keeping off creditors. Mr. Orr, the bank manager, was present and heard the testimony impeaching himself, and the assignment and the bill of sale, and he did not attempt to deny any of it. There was no denial. No testimony was offered to show that either the bill of sale or the assignment was made for any consideration, or to show any conversation or negotiation regarding the alleged assignment, or the reason for such an unusual thing as an assignment of a mortgage without the notes.

The whole evidence leads to these clear and positive conclusions:

(1) The bill of sale was made without any consideration, and the bank was not a purchaser in good faith or for value.

(2) The alleged assignment of the mortgage is a mere nullity. The signature was obtained by smoothness and deception of the bank manager.

(3) In taking and selling the horses the bank was a mere wrongdoer, and subject to exemplary damages.

(4) The defendant pleads a former adjudication in a suit which was dismissed, but it is entirely clear the record fails to show any adjudication on the merits of this case.

When the defendant moved for a directed verdict, the court might well have directed a verdict in favor of the plaintiff. The judgment is affirmed.

CHRISTIANSON, J. I concur in result.