JOHN LEE, Appellant, v. HIRAM S. LEE and W. P. REED, Respondents.

(188 N. W. 42.)

Agriculture — act giving farm laborer lien for wages does not give lien for use of horses and machinery.

    1. Under § 6857 of the Compiled Laws of 1913, which gives the farm laborer a lien for his wages, a laborer is not given a lien for the value of the use of his own horses and machinery.

Agriculture — farm laborer under entire contract for wages and value of use of horses and machinery may have lien for reasonable wages.

2. Where a farm laborer performs services for which he is to be compensated under an entire contract, embracing both his wages and the value of the use of his horses and machinery, he is, under the statute, § 6857, entitled to a lien for his reasonable wages.

Opinion filed April 26, 1922.

Appeal from the District court of Ransom county, *Allen, J.*

Judgment reversed.

*Curtis* & *Remington,* for appellant.

"But under a statute giving a lien for personal services, or for manual and other services, no lien arises for the value of the use of horses in doing work." R. C. L. v. 18, p. 507, and cases cited; Hale v. Brown (N. H.) 47 Am. Rep. 224; Martin v. Wakefield (Minn.) 43 N. W. 966; McKinnon v. Red River Lumber Co. (Minn.) 138 N. W. 731; 42 L. R. A. (N. S.) 372.

*Ego, Craig* and *Thompson,* for respondent.

BIRDZELL, J. This is an appeal from a judgment entered in the district court of Ransom county, dismissing an action brought to foreclose a farm laborer's lien. The facts are as follows: During the season of 1921 the plaintiff was employed by the defendant, Hiram Lee, his brother, to work upon his farm at an agreed compensation of $100 a month, which, it is alleged, was reasonable wages, and did not exceed the usual charge for the same kind of work in the locality. The defendant Reed was the owner of the land upon which the crop was raised.

Upon the trial it was shown that the compensation agreed to be paid, and for which the lien is claimed, included compensation for the labor of five horses used by the plaintiff and for the use of a plow, drill, and binder, all belonging to the plaintiff. The contract was entire, and there is no testimony as to the value of the plaintiff's services apart from the worth of the labor of the horses and the use of the machinery. The trial court held that the plaintiff was not a farm laborer within the lien statute (§ 6854 of the Compiled Laws of 1913), and dismissed the action.

The only question presented upon the appeal is the correctness of that holding. The statute reads:

"Any person who performs services for another in the capacity of a farm laborer between the first day of April and the first day of December in any year, shall have a lien on all crops of every kind grown, raised or harvested by the person for whom the services were performed during said time as security for the payment of any wages due or owing to such persons for services so performed, and said lien shall have priority over all other liens, chattel mortgages or incumbrances, excepting, however, seed grain and threshers' liens; provided, that the wages for which a lien may be obtained must be reasonable and not in excess of that which is usually charged for the same kind of work in the locality where the labor is performed," etc.

It is contended that the statute in question is analogous to certain logging lien statutes, in construing which, it has been held that the services of the laborer may include the use and earnings of his own oxen, chain, canthook, and sled, if actually used by him as an essential part of the services rendered. See Hale v. Brown, 59 N. H. 551, 47 Am. Rep. 224; Martin v. Wakefield, 42 Minn. 176, 43 N. W. 966, 6 L. R. A. 362; McKinnon v. Red River Lumber Co., 119 Minn. 479, 138 N. W. 781, 42 L. R. A. (N. S.) 872. We do not regard our statute as being entirely analogous to those involved in the cases cited. Our statute emphasizes the capacity in which the laborer is employed, and we think it was clearly intended to limit the lien to his wages. 26 Cyc. 1067. It does not purport to give a lien for the value of the use of horses and machinery. See Clark v. Brown, 141 Cal. 93, 74 Pac. 548; McCrills v. Wilson, 34 Me. 286, 56 Am. Dec. 655; Coburn v. Kerswell, 35 Me. 126; Tuckey v. Lovell, 8 Idaho, 731, 71 Pac. 122. See, however, Essency v. Essency, 10 Wash. 375, 38 Pac. 1130, where the opposite view is indicated.

We are of the opinion, however, that the fact that the agreed compensation covered both the labor of the plaintiff and the use of his horses and machinery is not fatal to his present action. The statute is designed to give farm laborers a prior lien for their reasonable compensation, and one who uses his own team and machinery may be none the less a farm laborer. It appears in this record that the plaintiff was employed in that capacity, and hence comes within the class favored by the statute. In order to permit him to establish the reasonable value of his services, separate and apart from the value of the use of his horses and machinery, the judgment below should be reversed, and the cause remand-

ed for further proceedings. Clark v. Brown, 141 Cal. 93, 74 Pac. 548. It is so ordered. No costs to either party on this appeal.

GRACE, C. J., and CHRISTIANSON and ROBINSON, JJ., concur.

BRONSON, J. (partly concurring and partly dissenting). I concur in the principles stated in the syllabus. At the conclusion of plaintiff's case the defendant moved for a dismissal upon the ground that the evidence showed that the lien claimed covered not only plaintiff's manual labor, but also that of teams and farm machinery. The court inquired of the plaintiff what his services would have been worth if he had not furnished any horses or machinery; also, what were the going wages for a man of his capacity during last season. The plaintiff answered by stating that he did not know. He further informed the court that he was to receive more because he furnished the horses and machinery. Accordingly, as I understand the record, the court thereupon granted plaintiff's motion for the reason that plaintiff failed to prove the compensation due him for the performance of his labor alone.

It would have been error, as the majority opinion demonstrates, for the court to have denied the motion. Its action operated as a nonsuit. Woodward v. N. P. Ry., 16 N. D. 38, 42, 111 N. W. 627; 18 C. J. 1146. Upon the record there was no final determination of the merits, and plaintiff is not precluded from maintaining further proceedings for his proper demand. Section 7597, C. L. 1913; Hart v. First State Bank, 37 N. D. 9, 13, 163 N. W. 530. See Horton v. Emerson, 30 N. D. 258, 272, 152 N. W. 529; Lee v. Elevator Co., 34 N. D. 1, 6, 157 N. W. 688; 6 Enc. Pl. & Pr. 986; 18 C. J. 1201

The judgment should be affirmed, with costs.