[Civ. No. 12348.   First Dist., Div. One.   May 25, 1943.]

DELGER TROWBRIDGE, as Executor, etc., Appellant, v. ELVERA R. LOVE, as Administratix, etc., et al., Respondents.

Cushing & Cushing and Cullinan, Trowbridge & Gorrill for Appellant.

Crozier C. Culp and Marvin Sherwin for Respondents.

WARD, J.—This is an action by an executor to have the rights and obligations of the respective parties to a note and deed of trust determined, and to have the latter declared a lien upon the real property of Minna R. Herrington, respondent's decedent.

The property was originally purchased by Minna Herrington from Ellen R. Billis in 1922, title thereto being taken in her own name. At the time of the purchase, she and her husband executed a note to the grantor, secured by a deed of trust on the property, which note and deed of trust were subsequently inherited by Rose A. Cyrus. Upon the death of Rose Cyrus in January of 1939, there was due on the note the amount of $1,518 principal, plus, interest. A codicil to her will made the following provision: "I give Minna R. Herrington the money she owes me on note secured by Deed of Trust on Property 719 & 721 11th St., Oakland, Cal." Thereafter plaintiff duly qualified and was appointed executor of the estate of Mrs. Cyrus. On January 30, 1941, Mrs. Herrington executed, acknowledged and delivered to her husband a release and discharge of any obligation or liability in connection with the aforementioned note and deed of trust, and shortly thereafter she made a demand upon the sole surviving trustee under the said deed of trust for a deed of recon-

veyance based upon the will of Rose Cyrus, which demand was complied with, and the deed recorded. At about the same time Mrs. Herrington served upon plaintiff executor a demand for final distribution to her of the promissory note and deed of trust, with which demand he refused to comply. Thereafter, she petitioned the probate court for a partial distribution in the matter of the Cyrus estate, and, over the protest of plaintiff, an order was made the terms of which include the following: "That the court further and specifically finds that no injury can result to the estate, or to any creditor thereof, from the partial distribution to petitioner prayed for in her petition, towit, distribution to petitioner of all the right, title and interest in and to said promissory note and said deed of trust to which petitioner may be entitled under and by virtue of the terms and provisions of said codicil, and that the obligation of petitioner to decedent and to her estate in connection with said note and said deed of trust be cancelled and extinguished in accordance with the wishes of the deceased in accordance with the terms and provisions of said codicil; and that the petitioner is entitled at this time to receive said distribution to her thereof, without giving any bond. Now, THEREFORE, IT IS HEREBY ORDERED that the financial obligation of said petitioner, MINNA R. HERRINGTON, to the deceased and to her estate, in connection with and arising out of that certain promissory note dated February 15, 1922, and said deed of trust of even date therewith upon the real property at # 719 and # 721 11th Street, Oakland, California, be, and the same is hereby cancelled, forgiven and extinguished, and the same is hereby distributed to and vested in said petitioner, MINNA R. HERRINGTON."

In the present action plaintiff seeks to have the property determined to be subject to the deed of trust. The action was later dismissed as to all defendants except Minna Herrington, whose personal representative was substituted after her death, and the sole surviving trustee under the deed of trust. The cause was submitted to the trial court upon an agreed statement of facts, and, following the filing of briefs by the respective parties, the court gave judgment quieting the title of defendant administratrix to said real property, and decreeing judgment for both defendants against plaintiff executor for costs of suit.

The appeal is presented on the judgment roll alone, and appellant (plaintiff) states that "The only substantial issue in the case is whether or not the lien of the deed of trust to secure payment of the admitted balance of $1518.00 unpaid on the note with interest as aforesaid, was discharged by the codicil to the will of the owner of the deed of trust, Rose A. Cyrus. Appellant contends that while this codicil may have discharged the financial obligation of one of the makers of the note and deed of trust, it did not discharge the obligation of the other maker of the note and deed of trust, or the lien of the deed of trust"—in other words, that the obligation of Mr. Herrington has not been cancelled, nor, consequently, the security given therefor. Plaintiff is not seeking a money recovery against the estate of Mrs. Herrington.

Mrs. Herrington's husband was originally a party defendant, but prior to the filing of an amended and supplemental complaint he died, leaving no estate. Thereupon the action was dismissed as to him without prejudice. If there was any claim of obligation on the part of the husband based upon the note and deed of trust it disappeared in the dismissal of the action against him. In the present state of the record no judgment could be rendered against him, or his estate, if any existed. (*Rogers* v. *Transamerica Corp.*, 6 Cal.App.2d 340 [44 P.2d 635]; *Holt Mfg. Co.* v. *Collins,* 154 Cal. 265 [97 P. 516]; *Foster* v. *Warren,* 39 Cal.App.2d 470 [103 P.2d 591]; *Page* v. *W. W. Chase Co.,* 145 Cal. 578 [79 P. 278].)

In this appeal we are interested in the issues raised by the executor of the Rose A. Cyrus estate and the administratrix of the estate of Minna R. Herrington. The probate court, as above stated, interpreted the codicil as cancelling, forgiving and extinguishing the obligation of Mrs. Herrington in connection with and arising out of the note and deed of trust. No appeal was taken from the order of partial distribution and it has become final. The trial court herein appears to have given a reasonable interpretation to that order, and appellant has not demonstrated such interpretation to be erroneous as a matter of law. However, two lines of thought on the interpretation of written instruments have been followed by the reviewing courts of this state. In *Estate of Wilson,* 40 Cal.App.2d 229, 234 [104 P.2d 716], the court, following the long standing rule, said: " . . . it is a well-

settled legal doctrine that when the construction given an instrument by a trial court appears to be reasonable and consistent with the intention of the parties making it, courts of appellate jurisdiction will not substitute another interpretation, even though it seems equally tenable [citing cases]."

In *Johnston* v. *Landucci*, 21 Cal.2d 63 [130 P.2d 405], it was determined that the construction given an assignment should be consistent with the intention of the parties as demonstrated by "the evidence." In *Estate of Platt*, 21 Cal. 2d 343, 352 [131 P.2d 825], the court said: "An appellate court is not bound by a construction of the contract based solely upon the terms of the written instrument without the aid of evidence . . . where there is no conflict in the evidence . . . or a determination has been made upon incompetent evidence [citing cases]." In *Eastman Oil etc. Corp.* v. *Lane-Wells Co.*, 21 Cal.2d 872 [136 P.2d 564], it was held in effect that a contract should be examined "in the light of all the evidence." In that case it was held that the evidence was in conflict and therefore gave rise to varying inferences. The trial court's interpretation was upheld.

Relative to the present controversy, in the probate proceedings the court, "after hearing evidence," found that the obligation arising out of the note and deed of trust was "cancelled, forgiven and extinguished, and the same is hereby distributed to and vested in petitioner, Minna R. Herrington." In the record taken on the judgment roll on this appeal it appears that the cause was submitted on an agreed statement of facts in the trial court, and the order of partial distribution is marked as an exhibit. The findings relate a history of the financial transaction involved, the pendency of probate proceedings, etc., and recite that no additional evidence or testimony was introduced.

If this question of construction is viewed in the light of the holding in *Estate of Wilson, supra,* the controversy is at an end. If it be considered as a matter in which evidence was introduced, as appears from the agreed statement of facts, we find no incompetent evidence (*Estate of Platt, supra*) and no material conflict therein. Upon the basis that the trial court reached the more reasonable construction (*Johnston* v. *Landucci, supra*), the judgment should be affirmed.

If the interpretation of the terms of the decree, in turn depending on the wording of the codicil, be construed independently of the rule in the Wilson and other cases, or in the Platt and similar cases, or in the Eastman Oil corporation case, or we give our own interpretation to the instrument with all of them in mind, we are of the opinion that the trial court's holding is correct.

This is not an action to set aside an alleged unauthorized reconveyance by the trustee under the deed of trust (*Phelps* v. *American Mtg. Co.*, 6 Cal.2d 604 [59 P.2d 95]), but rather an action for declaratory relief. In the cases cited by appellant on the main question, the legacy had lapsed, or the word "give" instead of the word "forgive" was used, or it was held that the bequest cancelled only a designated and not an additional debt, or the designation of the note and parties was not definite, etc. (*Toplis* v. *Baker*, 2 CoxChan.Cas. 118, 30 Eng.Rep. 55; *Heaton* v. *Merchant's Executors*, 35 N.J.Eq. 561; *Izon & Whitehurst* v. *Butler*, 2 Price 34, 146 Eng.Rep. 13; *Waterman* v. *Alden*, 143 U.S. 196 [12 S.Ct. 435, 36 L.Ed. 123]; *Matter of Lee* [*In re Dwights Estate*], 141 N.Y. 58 [35 N.E. 936].) Certain language used in the cited opinions lends color to appellant's position that the wording of the codicil did not extinguish the lien of the deed of trust, but the more reasonable construction is to the contrary.

The decree of partial distribution should be interpreted in view of the law applicable to the subject matter, the parties and the circumstances. (Civ. Code, sec. 2909.) The deed of trust was the method used to secure the debt. It is connected with this particular debt and nothing else. ■ The forgiveness of the debt carries with it the security. In *Martin* v. *Mowlin*, 97 Eng.Rep. 658, 663, cited with approval in *Union Supply Co.* v. *Morris*, 220 Cal. 331, 339 [30 P.2d 394], the court said: " . . . the right to the land would follow, notwithstanding the statute of frauds."

If the deed of trust should be enforced, the cancellation of the note would be of no consequence. It would mean that the decree cancelled the indebtedness but that it must be paid to the Cyrus estate despite that fact. The decree should be construed to give effect to the will. It is inconceivable that the testator intended the forgiveness of the indebtedness as

expressed in the codicil, but that she knew her administrator would enforce the indebtedness under the terms of the deed of trust.

The language used in the decree here considered, and the fact that the same court ordered payment of an inheritance tax by Minna Herrington based upon the cancellation of the financial obligation demonstrate the interpretation placed upon the codicil by the probate judge.

Irrespective of the rule applicable to the interpretation of the provisions of the decree, the trial court in the present action adopted the more reasonable construction of the decedent's testament.

The obligation having been forgiven, it was at an end and no longer bound Mr. Herrington, the co-maker. Moreover, the circumstances indicate that he was an accommodation maker. The contention of appellant to the contrary is inconsistent with the dismissal of the action against him.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.